UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TREADWELL, | ) |
| | ) No. |
|    Plaintiff, | ) |
| | ) Judge |
| v. | ) |
| | ) Magistrate Judge |
| Chicago Police Officers | ) |
| DAVID SALGADO (#16347), | ) |
| XAVIER ELIZONDO (#1340), and | ) |
| the CITY OF CHICAGO, Illinois. | ) JURY TRIAL DEMANDED |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Now Comes Plaintiff MARK TREADWELL, by his attorneys Matthew Madden and Molly Armour, and complaining of Defendants DAVID SALGADO and XAVIER ELIZONDO, and the CITY OF CHICAGO, Illinois, states as follows:

1. Defendants Chicago Police Officer David Salgado and Chicago Police Sergeant Xavier Elizondo fabricated false inculpatory evidence to obtain a search warrant and to press charges against Plaintiff Mark Treadwell. Because of Defendants misconduct Mr. Treadwell was wrongfully incarcerated for four months in Cook County Jail and detained on 24-hour home monitoring for nearly three months while he awaited trial on false charges.

2. Immediately following Defendants' federal indictment for jarringly similar misconduct in *United States v. Elizondo and Salgado* (N.D. Ill. 18 CR 286), the charges against Mr. Treadwell were dropped and his freedom returned to him.

1

3. Mr. Treadwell now seeks justice for the harm that the Defendants have caused and redress for the loss of liberty and hardship he has endured and continues to suffer as a result of Defendant's misconduct.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress deprivations of Plaintiff's rights guaranteed by the U.S. Constitution and Illinois law.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. 1391(b). Plaintiff resides in this District and the events that are the basis of these claims occurred within this judicial district.

## PARTIES

7. Plaintiff Mark Treadwell is an African-American resident of Chicago, Illinois. At the time of the allegations contained herein, Plaintiff Treadwell was employed as a basketball referee, a security guard, and was enrolled as a student at Morton College.

8. Defendants David Salgado and Xavier Elizondo were, at all relevant times herein, sworn police officers in the Chicago Police Department. Each individual Defendant was on duty and acting under color of law and within the scope of his employment with the City of Chicago.

9. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. During all relevant times, the Defendant Police Officers acted as agents and employees of the City of Chicago.

**FACTS**

10. On October 21, 2017, Defendant Officers David Salgado and Sergeant Xavier Elizondo executed a search warrant at 1645 S. Harding Avenue in Chicago. The warrant authorized search of that residence and of Plaintiff Mark Treadwell.

11. Defendant Salgado obtained that search warrant from a Cook County Circuit Court judge earlier that day based on a sworn complaint he provided to the court that contained materially false and fabricated information for the purpose of establishing probable cause to obtain the warrant.

12. Prior to procuring that bogus warrant, Defendant Salgado submitted the search warrant complaint to the Cook County State's Attorney and obtained approval.

13. Defendant Salgado's sworn affidavit falsely asserted that earlier on October 21, 2017 informant "J. Doe" knocked on the front door of the Harding residence, was let inside by Mr. Treadwell, and then purchased cannabis from Mr. Treadwell inside the residence.

14. That information was wholly fabricated.

15. As a result of these false, fabricated representations, the Cook County judge signed the search warrant to search Mr. Treadwell and the Harding residence.

16. The residence at 1645 S. Harding Avenue was owned by Plaintiff Treadwell's father.

17. On the date the search was executed, there were numerous individuals who possessed keys to the property allowing them access to the residence.

18. On the evening of October 21, 2017, Plaintiff was at the Harding residence when Defendants Officers approached the house and detained him.

19. On the basis of the bogus search warrant, Defendant Officers and others then gained entrance to the property and searched the residence.

20. Defendant Sergeant Elizondo knew that the warrant was falsely obtained, but nonetheless supervised and participated in the bogus search.

21. As a result of the unlawful search, the residence and the property therein were trashed and left in disarray.

22. Defendant Salgado purportedly discovered and seized firearms and narcotics from the residence during the unlawful search that did not belong to Plaintiff.

23. After searching the residence pursuant to the illegally obtained warrant replete with false and fabricated allegations, Defendants Salgado and Elizondo arrested Plaintiff and he was transported to the Chicago Police Department's 10th District for further processing.

24. Together, Defendants Salgado and Elizondo agreed and conspired to bring false allegations and charges against Plaintiff Treadwell.

25. In pursuit of this conspiracy, Defendant Salgado created official police reports which included false and fabricated inculpatory statements attributed to Mr. Treadwell.

26. These fabricated statements included the false assertion that Mr. Treadwell sold drugs "because I have to make money to eat."

27. Also in pursuit of this conspiracy, Defendant Elizondo ratified and served as the approving supervisor for some of these false reports.

28. As a result of Plaintiff Treadwell's illegal arrest pursuant to the bogus warrant, he was charged with numerous serious firearms and controlled substance offenses and incarcerated.

29. The Defendants failed to advise the State's Attorney that the evidence against Plaintiff was fabricated.

30. Thereafter, the State's Attorney obtained an indictment against Mr. Treadwell for numerous serious felony offenses for possessing firearms and controlled substances, including six Class X violations, based on the false and fabricated evidence.

31. None of those items belonged to Mr. Treadwell.

32. Consequently, Mr. Treadwell was forced to defend himself against these false charges and to hire counsel to defend him.

33. Unable to make bond, Plaintiff Treadwell remained incarcerated at Cook County Jail, including a period of time in Division 10, a maximum-security division.

34. But for the Defendant Officers' misconduct, the criminal prosecution of Mr. Treadwell would not have occurred.

35. In January 2018, Defendants Elizondo and Salgado were relieved of their police powers and removed from street duties by the Chicago Police Department because of allegations that they engaged in similar crimes and other official misconduct while on duty.

36. Plaintiff was incarcerated until February 20, 2018, when he was released on Cook County Sheriff's electronic home monitoring. Mr. Treadwell remained on electronic monitoring for the duration of the case. While on home monitoring, Mr. Treadwell was subject to 24-hour home incarceration and could not leave his residence without prior authorization.

37. Defendants Elizondo and Salgado, individually, jointly, and/or in conspiracy, knowingly provided false and fabricated information to the Cook County State's Attorney's Office and to a Cook County judge for the purpose of conducting an

illegal search of 1645 S. Harding Avenue, which resulted in the unlawful arrest and detention of Plaintiff Treadwell for four months, followed by almost three months of restrictive electronic monitoring.

38. On May 10, 2018, Defendants Elizondo and Salgado were arrested and charged via federal indictment in the Northern District of Illinois. The superseding indictment charges conspiracy to commit theft, embezzlement, obstruction of justice, false statements to law enforcement, and conspiracy to deprive residents of Chicago of the right to be free from unreasonable search pursuant to a warrant knowingly obtained though false and fabricated information.

39. In addition, the indictment specifically alleges that Defendants Elizondo and Salgado submitted materially false search warrant applications and induced informants to provide false information to Cook County judges to fraudulently obtain search warrants so as to seize and steal items from the properties they raided pursuant to these bogus warrants.

40. On May 14, 2018, all state charges against Plaintiff were dismissed and the case was terminated in Plaintiff Treadwell's favor.

41. Plaintiff was forced to defend himself against these false charges for nearly seven months resulting in the deprivation of his liberty, a loss of personal freedom, physical and emotional pain and suffering, mental anguish, humiliation, degradation, loss of employment, monetary loss, a forced withdrawal as a college student, and required attendance at multiple court dates.

## COUNT I
## 42 U.S.C. § 1983 Claim
## Fourth Amendment | Illegal Search

42. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

43. Defendant Officers violated Plaintiff Treadwell's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search.

44. The Defendant Officers violated Plaintiff's Fourth Amendment rights in that they seized Plaintiff without legal justification and without probable cause and conducted an illegal search of 1645 S. Harding Avenue, Chicago, Illinois without legal justification and without probable cause.

45. The misconduct described in this Count was objectively unreasonable and undertaken intentionally with malice, willfulness, or reckless indifference to the rights of Plaintiff.

46. This misconduct was undertaken by Defendant Officers within the scope of their employment and under color of law.

47. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT II
## 42 U.S.C. § 1983 Claim
## Fourth Amendment | Illegal Seizure

48. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

49. Defendant Officers violated Plaintiff Treadwell's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure and to due process of law.

50. Defendant Officers violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause.

51. The misconduct described in this Count was objectively unreasonable and undertaken intentionally with malice, willfulness, or reckless indifference to Mr. Treadwell's rights

52. The Defendants undertook this misconduct under color of law and within the scope of their employment.

53. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

### COUNT III
### 42 U.S.C. § 1983
### Fourth Amendment | Deprivation of Liberty without Probable Cause to Institute Criminal Charges Under *Manuel*

54. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

55. The Defendants caused Plaintiff to be detained and imprisoned without probable cause. Plaintiff was incarcerated for months and then subjected to electronic monitoring and curtailment of his liberty before the criminal charges against him were dismissed and he was free from all carceral controls and restrictions of his liberty.

56. The misconduct described in this Count was undertaken by the Defendants under color of law and within the scope of their employment.

57. This misconduct was objectively unreasonable and was undertaken intentionally, with malice, or with reckless indifference to the rights of Plaintiff.

58. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT IV
## 42 U.S.C. § 1983
## Fourteenth Amendment | Due Process Violation

59. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

60. The Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Mr. Treadwell of his constitutional right to due process and right not to be deprived of liberty without probable cause.

61. The Defendants manufactured evidence implicating the Defendant in a crime—including the basis for the search warrant and fabricated police reports—knowing the evidence was false.

62. The Defendants' misconduct caused the unjust and wrongful criminal prosecution of Plaintiff and the deprivation of his liberty without probable cause. Absent this misconduct, the prosecution of Mr. Treadwell could not and would not have been pursued.

63. Defendants' misconduct violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

64. As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT V
## 42 U.S.C. § 1983
## Failure to Intervene Claim

65. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

66. During the violations of Plaintiff Treadwell's constitutional rights, the Defendant Officers stood by without intervening to prevent the misconduct, despite having the opportunity and duty to do so.

67. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Mr. Treadwell's rights.

68. Because of the Defendant Officers' failure to intervene to prevent the violation of his constitutional rights, Mr. Treadwell suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT VI
## 42 U.S.C. § 1983
## Federal Conspiracy Claim

69. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

70. The Defendants conspired and agreed to falsify a search warrant and frame Mr. Treadwell for criminal violations and to thereby deprive him of his constitutional rights and liberty under color of law, as described in the various paragraphs of this Complaint.

71. In this manner, the Defendants, acting in concert with other unknown coconspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

72. In furtherance of the conspiracy, the co-conspirators committed overt acts including fabricating evidence, providing false information in sworn reports, and providing false information to prosecutors in criminal proceedings against Mr. Treadwell, all in violation of both state and federal law.

73. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74. As a direct and proximate result of the Defendant Officers' conspiracy, Mr. Treadwell's rights were violated and he suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**COUNT VII**
**42 U.S.C. § 1983**
**Supervisory Liability**

75. Each Paragraph of this Complaint is incorporated as if fully stated herein.

76. Defendant Elizondo was a supervisory officer, a sergeant, who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

77. Defendant Elizondo knew that the false and fabricated search warrant would be used as justification and authority for entering, occupying, and searching 1645 S. Harding Avenue. In addition, Defendant Elizondo knew or reasonably should have known that Defendant Salgado would violate Mr. Treadwell's constitutional rights

and/or knew or reasonably should have known that Defendant Salgado had a pattern of engaging in improper searches.

78. As a result of the misconduct described in this Count, Mr. Treadwell's rights were violated and he suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT VIII
## State Law Claim
## Malicious Prosecution

79. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

80. Defendant Officers individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

81. The prosecution of Plaintiff terminated in his favor.

82. The Defendant Officers' actions were committed in a willful and wanton manner.

83. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT IX
## State Law Claim
## Intentional Infliction of Emotional Distress

84. Each paragraph of this Complaint is incorporated as if restated fully herein.

85. The acts and conduct of the Defendant Officers were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and

they were undertaken with intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff Treadwell.

86. Defendant Officers continued to engage in their misconduct as set forth above during the pendency of the Plaintiff's criminal proceeding and continued to conceal their misconduct.

87. Defendants continued to engage in their misconduct as set forth above during the pendency of the Plaintiff's criminal proceeding and continued to conceal their misconduct.

88. As a result of the Defendant Officers' actions, Plaintiff Treadwell suffered and continues to suffer loss of liberty, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT X
## State Law Claim for Conspiracy

89. Each paragraph of this Complaint is incorporated as if restated fully herein.

90. Defendants Salgado and Elizondo jointly acted and/or conspired among and between themselves to falsely imprison Mr. Treadwell and/or to continue that imprisonment, to maliciously prosecute Mr. Treadwell and/or continue that prosecution, and to intentionally inflict severe emotional distress on Plaintiff.

91. In furtherance of this conspiracy or conspiracies, the Defendants committed the overt acts set forth above.

92. The conspiracy or conspiracies were and are continuing in nature.

13

## COUNT XI
## Illinois Law
## *Respondeat Superior* Claim

93. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

94. While committing the misconduct alleged, Defendants Saldado and Elizondo were employees, members, and agents of the Defendant City of Chicago, acting at all relevant times within the scope of their employment.

95. Under Illinois law, Defendant City of Chicago is liable as principal for all violations of Illinois state law committed by their agents pursuant to *respondeat superior*.

## COUNT XII
## Illinois Law
## Indemnification

96. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

97. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which its employees are liable within the scope of their employment.

98. The Defendant Officers were employees, members, and agents of the City of Chicago at all relevant times above.

99. The Defendant Officers committed the misconduct alleged above under color of law and within the scope of employment as employees of the City of Chicago.

WHEREFORE, Plaintiff MARK TREADWELL demands judgment in his favor against Defendants CITY OF CHICAGO, DAVID SALGADO, and XAVIER ELIZONDO, awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against the individual Defendants, and any other relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: May 10, 2019

Respectfully Submitted,

s/ Matthew J. Madden

Matthew J. Madden
Attorney At Law, LLC
209 S. LaSalle, 7th Floor
Chicago, IL 60604
(312) 762-9473
matt@mjmaddenlaw.com

 s/ Molly Armour

Molly Armour
Law Office of Molly Armour
4050 N. Lincoln Avenue
Chicago, IL 60618
(773) 746-4849
armourdefender@gmail.com

*Attorneys for Mark Treadwell*