**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 03179 |
| | ) | |
| vs. | ) | |
| | ) | Judge Virginia M. Kendall |
| CHICAGO POLICE OFFICERS DAVID | ) | |
| SALGADO (#16347), XAVIER ELIZONDO | ) | |
| (#1340), and the CITY OF CHICAGO, Illinois, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, CITY OF CHICAGO, by and through its attorneys, NATHAN & KAMIONSKI, LLP, and as and for its Answer to Plaintiff's Complaint, states as follows:

1.    Defendants Chicago Police Officer David Salgado and Chicago Police Sergeant Xavier Elizondo fabricated false inculpatory evidence to obtain a search warrant and to press charges against Plaintiff Mark Treadwell. Because of Defendants misconduct Mr. Treadwell was wrongfully incarcerated for four months in Cook County Jail and detained on 24-hour home monitoring for nearly three months while he awaited trial on false charges.

**ANSWER**:    Defendant City admits that Plaintiff Treadwell was arrested. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

2.    Immediately following Defendants' federal indictment for jarringly similar misconduct in *United States v. Elizondo and Salgado* (N.D. Ill. 18 CR 286), the charges against Mr. Treadwell were dropped and his freedom returned to him.

**ANSWER**:    Defendant City admits that Defendants Elizondo and Salgado were

federally indicted in May 2018. Defendant City admits that Plaintiff Treadwell was arrested. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

3.      Mr. Treadwell now seeks justice for the harm that the Defendants have caused and redress for the loss of liberty and hardship he has endured and continues to suffer as a result of Defendant's [sic] misconduct.

**ANSWER**:     Defendant City admits that Plaintiff Treadwell seeks redress. Defendant City denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress deprivations of Plaintiff's rights guaranteed by the U.S. Constitution and Illinois law.

**ANSWER**:     Defendant City admits that this action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the claimed deprivations of Plaintiff's rights guaranteed by the U.S. Constitution and Illinois law.

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**:     Defendant City, upon information and belief, admits the allegations in this paragraph.

6.      Venue is proper in this District under 28 U.S.C. 1391(b). Plaintiff resides in this District and the events that are the basis of these claims occurred within this judicial district.

**ANSWER**:     Defendant City, upon information and belief, admits the allegations in this paragraph.

## PARTIES

7.      Plaintiff Mark Treadwell is an African-American resident of Chicago, Illinois. At the time of the allegations contained herein, Plaintiff Treadwell was employed as a basketball referee, a security guard, and was enrolled as a student at Morton College.

**ANSWER**:     Defendant City, upon information and belief, admits that Plaintiff Mark Treadwell is an African-American resident of Chicago, Illinois. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

8.      Defendants David Salgado and Xavier Elizondo were, at all relevant times herein, sworn police officers in the Chicago Police Department. Each individual Defendant was on duty and acting under color of law and within the scope of his employment with the City of Chicago.

**ANSWER**:     Defendant City admits that Defendants David Salgado and Xavier Elizondo were sworn police officers in the Chicago Police Department. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

9.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. During all relevant times, the Defendant Police Officers acted as agents and employees of the City of Chicago.

**ANSWER**:     Defendant City admits that the City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

## FACTS

10.     On October 21, 2017, Defendant Officers David Salgado and Sergeant Xavier Elizondo executed a search warrant at 1645 S. Harding Avenue in Chicago. The warrant authorized search of that residence and of Plaintiff Mark Treadwell.

**ANSWER**:     Defendant City admits the allegations in this paragraph.

11.     Defendant Salgado obtained that search warrant from a Cook County Circuit Court judge earlier that day based on a sworn complaint he provided to the court that contained materially false and fabricated information for the purpose of establishing probable cause to obtain the warrant.

**ANSWER**:     Defendant City admits that Defendant Salgado obtained a search warrant from a Cook County Circuit judge. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

12.     Prior to procuring that bogus warrant, Defendant Salgado submitted the search warrant complaint to the Cook County State's Attorney and obtained approval.

**ANSWER**:     Defendant City admits that, upon information and belief, the Cook County State's Attorney approved the search warrant. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

13.     Defendant Salgado's sworn affidavit falsely asserted that earlier on October 21, 2017, informant "J. Doe" knocked on the front door of the Harding residence, was let inside by Mr. Treadwell, and then purchased cannabis from Mr. Treadwell inside the residence.

**ANSWER**:     Defendant City admits that generally the sworn affidavit asserted that on October 21, 2017 informant "J. Doe" knocked on the front door of the Harding residence, spoke

to Mr. Treadwell regarding cannabis, was let inside by Mr. Treadwell, and then purchased cannabis from Mr. Treadwell inside the residence. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

14.     That information was wholly fabricated.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

15.     As a result of these false, fabricated representations, the Cook County judge signed the search warrant to search Mr. Treadwell and the Harding residence.

**ANSWER**:     Defendant City admits that the search warrant was signed by a Cook County Judge to search Mr. Treadwell and the Harding residence. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

16.     The residence at 1645 S. Harding Avenue was owned by Plaintiff Treadwell's father.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

17.     On the date the search was executed, there were numerous individuals who possessed keys to the property allowing them access to the residence.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

18.     On the evening of October 21, 2017, Plaintiff was at the Harding residence when Defendants Officers approached the house and detained him.

**ANSWER**:    Defendant City admits the allegations in this paragraph.

19.    On the basis of the bogus search warrant, Defendant Officers and others then gained entrance to the property and searched the residence.

**ANSWER**:    Defendant City admits that the Defendant Officers and other police officers entered the location authorized in the warrant and searched pursuant to the warrant. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

20.    Defendant Sergeant Elizondo knew that the warrant was falsely obtained, but nonetheless supervised and participated in the bogus search.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

21.    As a result of the unlawful search, the residence and the property therein were trashed and left in disarray.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

22.    Defendant Salgado purportedly discovered and seized firearms and narcotics from the residence during the unlawful search that did not belong to Plaintiff.

**ANSWER**:    Defendant City admits that firearms and narcotics were recovered and inventoried during the execution of the search warrant. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

23.    After searching the residence pursuant to the illegally obtained warrant replete with false and fabricated allegations, Defendants Salgado and Elizondo arrested Plaintiff and he was

transported to the Chicago Police Department's 10th District for further processing.

**ANSWER**:    Defendant City admits that Plaintiff was arrested and transported to the Chicago Police Department's 10th District for further processing. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

24.    Together, Defendants Salgado and Elizondo agreed and conspired to bring false allegations and charges against Plaintiff Treadwell.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

25.    In pursuit of this conspiracy, Defendant Salgado created official police reports which included false and fabricated inculpatory statements attributed to Mr. Treadwell.

**ANSWER**:    Defendant City admits that Defendant Salgado created official police reports that include inculpatory statements made by Plaintiff Treadwell. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

26.    These fabricated statements included the false assertion that Mr. Treadwell sold drugs "because I have to make money to eat."

**ANSWER**:    Defendant City admits that per reports Plaintiff Treadwell said in part that he sold drugs "because I have to make money to eat." Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

27.    Also, in pursuit of this conspiracy, Defendant Elizondo ratified and served as the approving supervisor for some of these false reports.

**ANSWER**:     Defendant City admits that Defendant Elizondo was a Sergeant at the time of the incident.  Defendant City further admits that Defendant Elizondo approved some reports. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

28.     As a result of Plaintiff Treadwell's illegal arrest pursuant to the bogus warrant, he was charged with numerous serious firearms and controlled substance offenses and incarcerated.

**ANSWER**:     Defendant City admits that Plaintiff Treadwell was arrested and charged with numerous serious firearms and controlled substance offences. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

29.     The Defendants failed to advise the State's Attorney that the evidence against Plaintiff was fabricated.

**ANSWER**:     Defendant City denies knowledge of fabricated evidence and therefore denies the allegations in this paragraph. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph directed at other Defendants.

30.     Thereafter, the State's Attorney obtained an indictment against Mr. Treadwell for numerous serious felony offenses for possessing firearms and controlled substances, including six Class X violations, based on the false and fabricated evidence.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

31.     None of those items belonged to Mr. Treadwell.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations asserted in this paragraph.

32.     Consequently, Mr. Treadwell was forced to defend himself against these false charges and to hire counsel to defend him.

**ANSWER**:     Defendant City admits that Plaintiff Treadwell defended himself and that he hired counsel. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

33.     Unable to make bond, Plaintiff Treadwell remained incarcerated at Cook County Jail, including a period of time in Division 10, a maximum-security division.

**ANSWER**:     Defendant City admits that Plaintiff Treadwell was incarcerated at Cook County Jail. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

34.     But for the Defendant Officers' misconduct, the criminal prosecution of Mr. Treadwell would not have occurred.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

35.     In January 2018, Defendants Elizondo and Salgado were relieved of their police powers and removed from street duties by the Chicago Police Department because of allegations that they engaged in similar crimes and other official misconduct while on duty.

**ANSWER**:     Defendant City admits that Defendants Elizondo and Salgado were relieved of their police powers. Defendant City admits that Defendants Elizondo and Salgado were relieved of police powers due to allegations of misconduct.  Defendant City denies that this paragraph is a full and accurate statement of the basis of Defendants Elizondo and Salgado's relief of police powers.

36.     Plaintiff was incarcerated until February 20, 2018, when he was released on Cook County Sheriff's electronic home monitoring. Mr. Treadwell remained on electronic monitoring for the duration of the case. While on home monitoring, Mr. Treadwell was subject to 24-hour home incarceration and could not leave his residence without prior authorization.

**ANSWER**:     Defendant City, on information and belief, admits that Plaintiff Treadwell was incarcerated until February 20, 2018, and then was placed on electronic monitoring. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

37.     Defendants Elizondo and Salgado, individually, jointly, and/or in conspiracy, knowingly provided false and fabricated information to the Cook County State's Attorney's Office and to a Cook County judge for the purpose of conducting an illegal search of 1645 S. Harding Avenue, which resulted in the unlawful arrest and detention of Plaintiff Treadwell for four months, followed by almost three months of restrictive electronic monitoring.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

38.     On May 10, 2018, Defendants Elizondo and Salgado were arrested and charged via federal indictment in the Northern District of Illinois. The superseding indictment charges conspiracy to commit theft, embezzlement, obstruction of justice, false statements to law enforcement, and conspiracy to deprive residents of Chicago of the right to be free from unreasonable search pursuant to a warrant knowingly obtained though false and fabricated information.

**ANSWER**:     Defendant City admits the allegations in this paragraph.

39.     In addition, the indictment specifically alleges that Defendants Elizondo and

Salgado submitted materially false search warrant applications and induced informants to provide false information to Cook County judges to fraudulently obtain search warrants so as to seize and steal items from the properties they raided pursuant to these bogus warrants.

**ANSWER**:    Defendant City admits the allegations in this paragraph.

40.    On May 14, 2018, all state charges against Plaintiff were dismissed and the case was terminated in Plaintiff Treadwell's favor.

**ANSWER**:    Defendant City admits that on May 14, 2018, there was an entry of *nolle prosequi* in Plaintiff Treadwell's criminal case.  Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

41.    Plaintiff was forced to defend himself against these false charges for nearly seven months resulting in the deprivation of his liberty, a loss of personal freedom, physical and emotional pain and suffering, mental anguish, humiliation, degradation, loss of employment, monetary loss, a forced withdrawal as a college student, and required attendance at multiple court dates.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

### COUNT I
### 42 U.S.C. §D1983 Claim
### Fourth Amendment | Illegal Search

42.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**:    Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

43.    Defendant Officers violated Plaintiff Treadwell's rights under the Fourth and

Fourteenth Amendments to the United States Constitution to be free from unreasonable search.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

44.    The Defendant Officers violated Plaintiff's Fourth Amendment rights in that they seized Plaintiff without legal justification and without probable cause and conducted an illegal search of 1645 S. Harding Avenue, Chicago, Illinois without legal justification and without probable cause.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

45.    The misconduct described in this Count was objectively unreasonable and undertaken intentionally with malice, willfulness, or reckless indifference to the rights of Plaintiff.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

46.    This misconduct was undertaken by Defendant Officers within the scope of their employment and under color of law.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

47.    As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

## COUNT II
## 42 U.S.C. §D1983 Claim
## Fourth Amendment | Illegal Seizure

48.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

49.     Defendant Officers violated Plaintiff Treadwell's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure and to due process of law.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

50.     Defendant Officers violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

51.     The misconduct described in this Count was objectively unreasonable and undertaken intentionally with malice, willfulness, or reckless indifference to Mr. Treadwell's rights.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

52.     The Defendants undertook this misconduct under color of law and within the scope of their employment.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

53.     As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

**COUNT III**
**42 U.S.C. §D1983**
**Fourth Amendment | Deprivation of Liberty without Probable Cause**
**to Institute Criminal Charges Under *Manuel***

54.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

55.     The Defendants caused Plaintiff to be detained and imprisoned without probable cause. Plaintiff was incarcerated for months and then subjected to electronic monitoring and curtailment of his liberty before the criminal charges against him were dismissed and he was free from all carceral controls and restrictions of his liberty.

**ANSWER**:     Defendant City denies that it caused Plaintiff to be detained and imprisoned. Defendant City admits Plaintiff was incarcerated for months, was placed on electronic monitoring, and had his liberty curtailed while his criminal charges were pending. Defendant City further admits that Plaintiff was free from any restrictions of his liberty following dismissal of his criminal charges. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

56.     The misconduct described in this Count was undertaken by the Defendants under color of law and within the scope of their employment.

**ANSWER**:     Defendant City denies it participated in the misconduct described in this

14

Count. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

57. This misconduct was objectively unreasonable and was undertaken intentionally, with malice, or with reckless indifference to the rights of Plaintiff.

**ANSWER**: Defendant City denies the allegations in this paragraph to the extant they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

58. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**: Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

**COUNT IV**
**42 U.S.C. §D1983**
**Fourteenth Amendment | Due Process Violation**

59. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**: Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

60. The Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Mr. Treadwell of his constitutional right to due process and right not to be deprived of liberty without probable cause.

**ANSWER**: Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

15

61.     The Defendants manufactured evidence implicating the Defendant in a crime—including the basis for the search warrant and fabricated police reports— knowing the evidence was false.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extant they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

62.     The Defendants' misconduct caused the unjust and wrongful criminal prosecution of Plaintiff and the deprivation of his liberty without probable cause. Absent this misconduct, the prosecution of Mr. Treadwell could not and would not have been pursued.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City.  Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

63.     Defendants' misconduct violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

64.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

16

**COUNT V**
**42 U.S.C. § 1983**
**Failure to Intervene Claim**

65.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

66.     During the violations of Plaintiff Treadwell's constitutional rights, the Defendant Officers stood by without intervening to prevent the misconduct, despite having the opportunity and duty to do so.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

67.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Mr. Treadwell's rights.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

68.     Because of the Defendant Officers' failure to intervene to prevent the violation of his constitutional rights, Mr. Treadwell suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

**COUNT VI 42 U.S.C. § 1983**
**Federal Conspiracy Claim**

69.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

70.     The Defendants conspired and agreed to falsify a search warrant and frame Mr. Treadwell for criminal violations and to thereby deprive him of his constitutional rights and liberty under color of law, as described in the various paragraphs of this Complaint.

**ANSWER**:     Defendant City the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City denies knowledge or information of the misconduct alleged against the Individual Defendants and therefore denies the remaining allegations in this paragraph.

71.     In this manner, the Defendants, acting in concert with other unknown coconspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

72.     In furtherance of the conspiracy, the co-conspirators committed overt acts including fabricating evidence, providing false information in sworn reports, and providing false information to prosecutors in criminal proceedings against Mr. Treadwell, all in violation of both state and federal law.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

73.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they

are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

74.     As a direct and proximate result of the Defendant Officers' conspiracy, Mr. Treadwell's rights were violated and he suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

## COUNT VII 42 U.S.C. § 1983
### Supervisory Liability

75.     Each Paragraph of this Complaint is incorporated as if fully stated herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

76.     Defendant Elizondo was a supervisory officer, a sergeant, who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

**ANSWER**:     Defendant City admits that Defendant Elizondo was a sergeant and therefore a supervisory officer. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

77.     Defendant Elizondo knew that the false and fabricated search warrant would be used as justification and authority for entering, occupying, and searching 1645 S. Harding Avenue. In addition, Defendant Elizondo knew or reasonably should have known that Defendant Salgado would violate Mr. Treadwell's constitutional rights and/or knew or reasonably should have known that Defendant Salgado had a pattern of engaging in improper searches.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations asserted in this paragraph.

78.     As a result of the misconduct described in this Count, Mr. Treadwell's rights were violated and he suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

### COUNT VIII
### State Law Claim Malicious Prosecution

79.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

80.     Defendant Officers individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

81.     The prosecution of Plaintiff terminated in his favor.

**ANSWER**:     Defendant City admits that on May 14, 2018 there was an entry of *nolle prosequi* in Plaintiff Treadwell's criminal case.  Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

82.     The Defendant Officers' actions were committed in a willful and wanton manner.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

83.     As a result of Defendant Officers' misconduct described in this Count, Plaintiff

suffered loss of liberty, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

## COUNT IX
### State Law Claim
### Intentional Infliction of Emotional Distress

84.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER**:    Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

85.    The acts and conduct of the Defendant Officers were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff Treadwell.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

86.    Defendant Officers continued to engage in their misconduct as set forth above during the pendency of the Plaintiff's criminal proceeding and continued to conceal their misconduct.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

87.    Defendants continued to engage in their misconduct as set forth above during the pendency of the Plaintiff's criminal proceeding and continued to conceal their misconduct.

21

**ANSWER**:    Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

88.    As a result of the Defendant Officers' actions, Plaintiff Treadwell suffered and continues to suffer loss of liberty, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

**COUNT X**
**State Law Claim for Conspiracy**

89.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER**:    Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

90.    Defendants Salgado and Elizondo jointly acted and/or conspired among and between themselves to falsely imprison Mr. Treadwell and/or to continue that imprisonment, to maliciously prosecute Mr. Treadwell and/or continue that prosecution, and to intentionally inflict severe emotional distress on Plaintiff.

**ANSWER**:    Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations asserted in this paragraph.

91.    In furtherance of this conspiracy or conspiracies, the Defendants committed the overt acts set forth above.

**ANSWER**:    Defendant City denies the allegations in this paragraph to the extent they

are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

92.     The conspiracy or conspiracies were and are continuing in nature.

**ANSWER**:     Defendant City denies the allegations in this paragraph to the extent they are alleged against Defendant City. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

**COUNT XI**
**Illinois Law**
***Respondeat Superior* Claim**

93.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

94.     While committing the misconduct alleged, Defendants Salgado and Elizondo were employees, members, and agents of the Defendant City of Chicago, acting at all relevant times within the scope of their employment.

**ANSWER**:     Defendant City admits that Defendants Salgado and Elizondo were employees of the Defendant City of Chicago. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

95.     Under Illinois law, Defendant City of Chicago is liable as principal for all violations of Illinois state law committed by their agents pursuant to *respondeat superior*.

**ANSWER**:     Defendant City denies that this is an accurate statement regarding Defendant City's liability pursuant to *respondeat superior* and therefore denies this paragraph as a whole.

## COUNT XII
### Illinois Law Indemnification

96.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendant City incorporates its answers to each of the paragraphs in this Complaint as if restated fully herein.

97.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which its employees are liable within the scope of their employment.

**ANSWER**:     Defendant City denies that this is an accurate statement of the law and therefore denies this paragraph as a whole.

98.     The Defendant Officers were employees, members, and agents of the City of Chicago at all relevant times above.

**ANSWER**:     Defendant City admits that Defendant Officers were employed by the City of Chicago. Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

99.     The Defendant Officers committed the misconduct alleged above under color of law and within the scope of employment as employees of the City of Chicago.

**ANSWER**:     Defendant City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations asserted in this paragraph.

**WHEREFORE, Defendant City respectfully request that the Court enter judgment in its favor and against Plaintiff as to all claims and provide whatever other relief the Court deems just and appropriate.**

## AFFIRMATIVE DEFENSES

1.     The City of Chicago is immune from the imposition of punitive damages under federal law. Punitive damages cannot be imposed against a municipality in a §1983 action. *City of*

*Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).

2.　　To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff or his son, the target of the search warrant at issue, as reflected in the public record, including but not limited to police reports and/or his guilty plea, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to Plaintiff and/or his son by the jury in this case.

3.　　To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that a Plaintiff has a duty to mitigate his damages.

4.　　Any state law claims, including but not limited to a state law claim for intentional infliction of emotional distress, is barred by the applicable 1-year statute of limitations set forth in the Illinois Tort Immunity Act.

## **<u>JURY DEMAND</u>**

Defendant City of Chicago hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

Respectfully Submitted,

<u>/s/ Helen C. O'Shaughnessy</u>
Helen C. O'Shaughnessy,
One of the Attorneys for
Defendant City of Chicago

Shneur Z. Nathan
Avi T. Kamionski
Helen C. O'Shaughnessy
Christopher Wallace
**NATHAN & KAMIONSKI, LLP**
33 W. Monroe St., Suite 1830
Chicago, IL  60603
312-612-1079
ARDC: 6292881

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 03179 |
| | ) | |
| vs. | ) | |
| | ) | Judge Virginia M. Kendall |
| CHICAGO POLICE OFFICERS DAVID | ) | |
| SALGADO (#16347), XAVIER ELIZONDO | ) | |
| (#1340), and the CITY OF CHICAGO, Illinois, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 15th day of July 2019.

By: _/s/ Helen C. O'Shaughnessy_
Helen C. O'Shaughnessy

26