IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MARK TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 03179 |
| | ) | |
| vs. | ) | |
| | ) | Judge Virginia M. Kendall |
| CHICAGO POLICE OFFICERS DAVID SALGADO (#16347), XAVIER ELIZONDO (#1340), and the CITY OF CHICAGO, Illinois, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT XAVIER ELIZONDO AND DAVID SALGADO'S JOINT MOTION TO STAY PROCEEDINGS**

NOW COMES, Defendant, Xavier Elizondo, by and through his attorneys, Kenneth M. Battle, Winnefred A. Monu, Jessica Gomez-Feie and O'Connor & Battle, LLP, and Defendant David Salgado, by and through his attorneys, Steven B. Borkan, Timothy P. Scahill, Whitney N. Hutchinson, and Andrew M. Cook of Borkan & Scahill, LTD., respectfully moves this Court to stay the proceedings, and in support hereof states as follows:

**INTRODUCTION**

Defendants Elizondo and Salgado respectfully move this Court to stay the litigation as it relates to the outcome of the pending criminal proceedings against both Defendants in the Northern District of Illinois, Eastern Division, *USA v. Elizondo*, *et al.* 18 CR 286 (the "Criminal Case"). As set forth below, a stay of proceedings pending resolution of the Criminal Case is appropriate because the subject matter is the same, the criminal case is set for trial on October 7, 2019, the public interest would be well-served by a stay, judicial efficiency dictates that a stay is appropriate, Plaintiff is not likely to suffer any prejudice if a stay is granted, however Defendants Elizondo and Salgado will be irreparably harmed absent a stay.

1

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay should be granted in a civil case based on the existence of a criminal proceeding, the court considers six factors: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; and (6) the prejudice that the defendant will suffer if a stay is not issued. *See e.g., U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 02 C 5145, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F.Supp.2d 935. 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). These factors favor a stay in this case.

A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

## ARGUMENT

### I. This Case Involves the Same Subject Matter as the Criminal Case

The indictment of Elizondo and Salgado for conspiring with other police officers to commit criminal offenses is clearly related to the allegations in Plaintiff's complaint. In fact, throughout the Complaint, Plaintiff specifically alleges facts regarding the indictment in the

criminal case. *See* Dkt. 1, ¶¶ 2, 35, 38-39. Plaintiff's Complaint further alleges facts regarding the discipline of both Defendants for the conduct alleged in the Criminal Case. *Id.* at ¶ 35, 38-39. As such, this civil action involves the same subject matter as his Criminal Case.

## II. Posture of the Criminal Case

The Criminal Case is currently set for trial in October 7th of 2019. As such, this civil action, with respect to Defendants Elizondo and Salgado, could continue in earnest mere months from now.

## III. The Public has Important Interests in Upholding the Fifth Amendment and Promoting Full and Fair Civil Trials.

A stay of this civil case will promote two important public interests. First, it will vindicate the public's interest in seeing that the protections afforded by the Fifth Amendment are safeguarded. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003) (noting the public's "important interest" in "untainted" criminal prosecutions); *Ex parte Coastal Training Inst.*, 583 So. 2d 979, 981 (Ala. 1991) ("Courts must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."). Second, a stay will promote the public's interest in ensuring that civil disputes, including Plaintiff's, are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having an issue decided on the basis of a full factual record").

## IV. A Stay Will Increase Judicial Efficiency By Reducing the Burden of Litigation on the Parties and on the Court.

Permitting litigation and discovery to proceed as to Defendants Elizondo and Salgado would be an inefficient use of resources. The stay will promote judicial efficiency in that it may reduce the scope of discovery necessary in this case or otherwise simplify the issues, and remove

3

the burden of numerous privilege issues that are likely to arise if discovery proceeds. The scope and breadth of the alleged criminal conduct is unknown at this point. Defendants Elizondo and Salgado have to fight to prove their innocence in the criminal case. Based on the Plaintiff's Complaint, discovery in the instant case could include other allegations of misconduct or criminal activity. The trial and conclusion of the criminal matter would serve to streamline the relevant issues in this case. A stay could avoid a substantial amount of unnecessary discovery, unnecessary judicial rulings, multiple depositions of the same individuals, and unnecessary disputes of fact.

## V. The Stay Will Not Unduly Prejudice or Burden Plaintiff.

As evidenced by the recent indictment, the Criminal Case is moving forward for both Elizondo and Salgado; the stay would not be in perpetuity. Plaintiff cannot demonstrate irreparable harm or prejudice if the Court grants a stay during this limited period prior to the resolution of the criminal proceedings.[1] Moreover, it would make the entire civil case much clearer for all parties.

## VI. Defendants Elizondo Will be Irreparably Harmed Absent a Stay.

A stay of this civil action is necessary to protect Defendants Elizondo's and Salgado's Fifth Amendment rights in connection with the above-referenced criminal proceeding, which

---

[1] In *Ramadan v. City of Chicago, et. al.*, 18 C 4020; *Rosas v. City of Chicago*, *et. al*., 18 CV 3933; *Robles v. City of Chicago*, *et. al*., 18 CV 4379; *Boldon v. City of Chicago*, *et. al*., 18 CV 4233 where Elizondo and Salgado were named Defendants, the motion to stay was granted in part, consistent with the record as stated in Court. *Ramadan*, 18 C 4020, Dkt. 28; *Boldon*, 18 CV 4233, Dkt. 81, 84. The Court ordered that all parties are required to answer the Complaint and provide initial disclosures, consistent with MIDP. The Court further explained that Elizondo and Salgado's answers to interrogatories and depositions will be stayed pending the resolution of the criminal case but that other discovery may proceed. This would allow the matter to move forward, at a slower pace, while still remaining cognizant of these individual's concerns. The Court also explained that this may need to be fine-tuned as appropriate and as the facts of all the proceedings evolve. Defendants Elizondo and Salgado would suggest that a similar resolution is be appropriate here. Consistent handling of this issue would also further promote judicial economy.

arises from similar underlying facts as this civil action. Defendants Elizondo and Salgado will be greatly prejudiced by their respective inability to meaningfully defend themselves in this civil action if forced to proceed prior to the resolution of his criminal case, which as stated, is set to go to trial in October of 2019. Given the facts alleged in the Criminal Case indictment, it is difficult to imagine how adjudication of this civil action would not implicate many of the factual issues underlying his criminal action. Defendants Elizondo and Salgado should not be forced to choose between abandoning the opportunity to defend themselves against this civil action and courting liability in the criminal case by waiving his constitutional rights. As stated, their Fifth Amendment Right is directly implicated by the issues in this case, and no remedy exists that will allow him to preserve these rights and defend this action, except a stay on the civil proceedings.

WHEREFORE, Defendants Xavier Elizondo and David Salgado respectfully request that this Court stay the litigation proceedings as it relates to them, pending the outcome of the Criminal Case, and for such further relief as this court deems just and equitable.

Respectfully submitted,

| XAVIER ELIZONDO, | DAVID SALGADO |
|---|---|
| By: /s/ Kenneth M. Battle<br>One of His Attorneys | By: /s/ Whitney N. Hutchinson<br>One of his Attorneys |
| Kenneth M. Battle<br>Winnefred A. Monu<br>Jessica Gomez-Feie<br>O'CONNOR & BATTLE, LLP<br>20 N. Clark St., Suite 1600<br>Chicago, IL 60602<br>312-786-4600<br>kbattle@mokblaw.com<br>wmonu@mokblaw.com | Steven B. Borkan<br>Timothy P. Scahill<br>Whitney N. Hutchinson<br>Andrew M. Cook<br>BORKAN & SCAHILL, LTD.<br>20 South Clark Street, Suite 1700<br>Chicago, IL 60603<br>312-580-1030<br>whutchinson@borkanscahill.com |

5

## **CERTIFICATE OF SERVICE**

Winnefred A. Monu, an attorney, hereby certifies that on July 30, 2019 she caused a true and correct copy of the attached document to be filed with the Court using the Court's ECF system, which will cause service to be made upon counsel of record for all parties.

/s/ Winnefred A. Monu