UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TREADWELL, ) | |
| ) | No. 19 CV 03179 |
| Plaintiff, ) | |
| ) | Judge Kendall |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| Chicago Police Officers ) | |
| DAVID SALGADO (#16347), ) | |
| XAVIER ELIZONDO (#1340), and ) | |
| the CITY OF CHICAGO, Illinois. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S POSITION PAPER REGARDING DEFENDANTS' JOINT REQUEST TO STAY THE PROCEEDINGS**

Plaintiff MARK TREADWELL, by his attorneys Matthew Madden and Molly Armour, file this position paper regarding Defendants Salgado and Elizondo's request to stay discovery, states as follows:

In October 2019, Defendants Salgado and Elizondo were convicted in federal court of numerous criminal counts, including conspiracy to deprive residents of Chicago of the right to be free from unreasonable searches pursuant to warrants knowingly obtained through false and fabricated information. Following the convictions at trial, both defendants filed motions for a new trial, which were denied by Judge Kennelly. Defendant Elizondo is scheduled to be sentenced on March 18, 2020, followed by Defendant Salgado's sentencing hearing shortly thereafter. Both defendants requested that this Court stay these civil proceedings for an unspecified amount of time until they have "exhausted the criminal process." Plaintiff agrees that it is reasonable to stay the proceedings through the defendants' sentencing hearings, however a stay for some

1

indeterminate length of time after the sentencing hearings are completed is not warranted.

In determining whether a stay is appropriate in a civil case based on the existence of a criminal proceeding, the Court should consider six factors: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; and (6) the prejudice that the defendant will suffer if a stay is not issued. *See e.g., U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 02 C 5145, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006). A stay in civil proceedings is "the exception, not the rule," however a stay can be appropriate if the absence of the stay places a defendant in the untenable situation of choosing between preserving the right against self-incrimination or fully defending against the civil action. *See, e.g., Estate of Swayzer v. Armor Correctional Health Services, Inc.*, No. 16-CV-1703, 2018 WL 1535953, *2-3 (E.D. Wis., Mar. 29, 2018)(citing cases).

The defendants' initial request for stay claims that this civil case involves "the same subject matter as the criminal case." *Treadwell v. Salgado*, et al., 19 CV 3179 ECF #34 at 3 (N.D. Ill. Jul. 30, 2019). This is simply not accurate. The charges for which both defendants stand convicted involves different, albeit similar, conduct than is alleged as part of this civil suit. Neither the criminal indictment, nor the counts the defendants were convicted of include any specific conduct related to Mr. Treadwell, accordingly, it is squarely not the same subject matter. *See B.A. v. Bohlmann*, No. 09-CV-346-BBC, 2009 WL 3270124, at *3 (W.D. Wis. Oct. 8, 2009) (denying a stay because

2

"none of plaintiffs in this case are complainants in the pending criminal case;" the fact that "they involve 'similar allegations'" was insufficient to grant a stay).

Plaintiff agrees that the allegations made by them are "similar" to the facts underlying the criminal conviction. Indeed, the prosecution did present evidence regarding the fraudulent "J. Doe" warrant leading to Mr. Treadwell's arrest at the criminal trial pursuant to FRE 404(b). Subsequently, the United States Attorney's Office requested that Mr. Treadwell testify for purposes of aggravation at the evidentiary portion of the sentencing hearings. This testimony by Mr. Treadwell was presented to Judge Kennelly on March 11, 2020. So while there are certainly similarities between the conduct underlying the counts of conviction and this civil suit, they are not the same subject matter because Mr. Treadwell's claims appear nowhere in the charging documents, and no count of conviction is based on the specific conduct at the heart of this civil action. The similarities between the convictions and this suit are the result of the Defendants' own *modus operandi* and widespread abuse of the "J. Doe" warrant system.

Once the defendants are sentenced, the judgments of the district court are considered final, unless and until the judgment is vacated by a higher Court. The criminal proceedings in the district court are completed and this civil suit should proceed accordingly. Defendants indicate an intention to appeal, a process that is of indeterminate length. Their new request to continue the stay beyond the sentencing hearings also represents a "moving of the goal-posts," so to speak, from their earlier position. In their initial joint motion seeking a stay, defendants cite the defendants' original October criminal trial date and point out that this civil action "could continue in earnest mere months from now." *Treadwell v. Salgado*, et al., 19 CV 3179 ECF #34 at 3

3

(N.D. Ill. Jul. 30, 2019). So in the event that their appeals are denied months or even over a year down the line, do they simply intend to shift to a *habeus* petition or a Section 2255 action to claim that the criminal process has not been exhausted? Once both defendants are sentenced, the verdicts and sentences will be considered final judgment and this case should proceed accordingly.

  The public interest and judicial efficiency will suffer if the stay on the proceedings is extended. In their initial filing, defendants claim that the primary public interest was in "seeing that the protections afforded by the Fifth Amendment are safeguarded." *Id.* The potential Fifth Amendment issue goes to the heart of a different question than whether a stay is appropriate at this stage. In the event that the Court continues the stay in this case, the Fifth Amendment question is moot. Additionally, neither defendant has actually claimed that he would exercise his Fifth Amendment privilege if the stay were lifted. There is serious question regarding whether Defendant Elizondo has waived his privilege after deciding to testify and perjure himself at his criminal trial. In any event, the question of how the Fifth Amendment privileges might affect the proceedings is a different one from, and properly addressed after, the issue of whether a stay is appropriate at this point. It is certainly not in the interest of the public or judicial efficiency to allow this case to languish indefinitely while the defendants "exhaust" the criminal process indefinitely.

  Mr. Treadwell could certainly be prejudiced by a further stay to the proceedings. Most specifically, the "J. Doe" informant supposedly relied upon by the defendants in obtaining the warrant that led to Mr. Treadwell's unlawful arrest and detainment is, by his own admission, a drug addict who abuses serious narcotics on a regular basis. The unfortunate reality is that this informant's addiction and lifestyle place his well-being at

risk. As more time passes, is a realistic concern that he could simply disappear off the grid at some point, rendering the ability to produce him at trial a legitimate issue. This could cause serious prejudice to Mr. Treadwell because this informant testified at the criminal trial that he was never brought before a judge to swear out the affidavit attached to the warrant at issue in this case, and that the signature affixed to the warrant was not his. Furthermore, this informant admitted to the FBI that he lied about buying drugs from Mr. Treadwell. The uncertainty of this potential witness' lifestyle creates a serious risk of prejudice to Mr. Treadwell.

In sharp contrast, after the sentencing hearings the defendants will not be prejudiced by lifting the stay in this case. The factual record that the appeal will be decided upon will be established once those hearings are complete. Allowing discovery to proceed in this civil case is highly unlikely to affect the record for the criminal case in any way. This Court should lift the stay as to Defendants Salgado and Elizondo.

**Heck Analysis**

In *Heck v. Humphrey*, 512 U.S. 486-87 (1994), a plaintiff filed a Section 1983 suit challenging the validity of his *own* state court conviction. The Court ruled that a state prisoner may not bring a civil suit questioning the validity of his conviction until that conviction has been set aside. Counsel fails to recognize *Heck's* applicability to this case. Certainly, Mr. Treadwell is not barred from bringing an action against Defendants Salgado and Elizondo until such time as their convictions are set aside. The result of this civil lawsuit will have no effect on the criminal convictions of the defendants, therefore the analysis in *Heck* would not seem to apply here.

## CONCLUSION

The Court should lift the stay and allow discovery to proceed as to all defendants in this case.

Dated: March 12, 2020

                                              Respectfully Submitted,

                                              s/ Matthew J. Madden

                                              Matthew J. Madden
                                              Attorney At Law, LLC
                                              209 S. LaSalle, 7th Floor
                                              Chicago, IL 60604
                                              (312) 762-9473
                                              matt@mjmaddenlaw.com

                                              s/ Molly Armour

                                              Molly Armour
                                              Law Office of Molly Armour
                                              4050 N. Lincoln Avenue
                                              Chicago, IL 60618
                                              (773) 746-4849
                                              armourdefender@gmail.com

                                              *Attorneys for Mark Treadwell*