IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TREADWELL, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 19 C 3179 ) |
| CHICAGO POLICE OFFICERS DAVID SALGADO (#16347), XAVIER ELIZONDO (#1340), and the CITY OF CHICAGO, Illinois, | ) Judge Virginia M. Kendall ) ) ) ) ) |
| *Defendants*. | ) |

## **ORDER**

Before the Court is Plaintiff Mark Treadwell's Motion to Lift the Stay of Discovery. [Dkt. 62]. The Court entered a limited stay as to Defendants Elizondo and Salgado on August 5, 2019. [Dkt. 37]. The Court previously inquired as to whether the continued maintenance of the stay of proceedings as to Salgado and Elizondo was appropriate considering the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). [Dkt. 56]. Both Plaintiff and Defendants agree that *Heck* does not apply here so the Court will analyze whether a stay is appropriate in this civil case based on the existence of a criminal proceeding. The factors the Court looks at include: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; (6) the prejudice that the defendant will suffer if a stay is not issued. *Salcedo v. City of Chicago*, 2010 WL 2721864, at *2 (N.D. Ill. July 8, 2010); *U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006).

In considering the above, the Court agrees that a lift of the stay is appropriate. This claim has been brought by a private citizen, Treadwell, as relates to an alleged illegal search, seizure and imprisonment instigated by Defendants Salgado and Elizondo. As Treadwell acknowledges in his civil complaint, the conduct at issue in the criminal complaint is similar to the alleged misconduct in his civil action. [Dkt. 1 ¶ 2]. However, neither the criminal indictment, nor the counts the defendants were convicted of, specifically relates to Plaintiff. The Government did present evidence

regarding the fraudulent warrant that lead to Treadwell's arrest at the criminal trial and Treadwell did testify on March 11, 2020. [Dkt. 62 at 3]. But considering the remaining factors, the Court believes that greater prejudice will arise if a stay is continued than if discovery is proceeds with restrictions so as not to implicate the Fifth Amendment concerns of Defendants Salgado and Elizondo. Defendants have recently been sentenced and have already filed appeals. *United States v. Elizondo, et al.*, 18 CR 286, Dkts. 197, 200, 207, 211. Substantial prejudice to Plaintiff will arise if discovery is stayed until the appeal has been decided and judicial efficacy will not be met if discovery is delayed further.

The Court acknowledges that there are important Fifth Amendment concerns here and that Defendants could be prejudiced. Yet, as discussed by another Northern District of Illinois Court, "[t]raditionally a defendant who has been convicted loses his Fifth Amendment privilege and can be compelled to testify about the acts constituting the offense of conviction." *All Meat and Poultry Products Stored at Lagrou Cold Storage*, 2006 WL 27119, at *3 (citing *Reina v. United States*, 364 U.S. 507, 513 (1960)). The Court there found "scant authority" pertaining to whether the privilege continues through direct appeal. *Id.* (citing *Frank v. United States*, 347 F.2d 486, 491 (D.C.Cir.1965) ("the Government may not convict a person and then, pending his appeal, compel him to give self-accusatory testimony relating to matters involved in the conviction"); *Mills v. United States*, 281 F.2d 736, 741 (4th Cir.1960) (privilege against self-incrimination continued through "the period within which [the defendant] could prosecute an appeal of her own conviction."). Assuming the Defendants can still assert their Fifth Amendment privileges, the appropriate path to take is one where the Defendants are permitted to present that right and have the issue briefed before the Court especially due to the fact specific nature of the legal issue.

Therefore, the stay is lifted and any Fifth Amendment issue will be raised with the Court as it arises. Plaintiff's Motion to Lift Stay [Dkt. 62] is granted.

_____
Virginia M. Kendall
United States District Judge

Date: August 3, 2020