IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 3179 |
| | ) | |
| vs. | ) | |
| | ) | Judge Kendall |
| CHICAGO POLICE OFFICERS DAVID | ) | |
| SALGADO (#16347), XAVIER ELIZONDO | ) | |
| (#1340), and the CITY OF CHICAGO, Illinois, | ) | Magistrate Judge McShain |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P 26(f)(2); *See* Fed. R. Civ. P 26(f)(3); *See* Fed. R. Civ. P 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P 16(b)(4).

1. <u>Description of Claims</u>:

(a) <u>Plaintiff</u>: Plaintiff's claims stem from the probable cause underlying the 10/21/17 execution of a search warrant at 1645 S. Harding Ave. by Chicago police officers, including Defendants Elizondo and Salgado, and his subsequent arrest and prosecution in connection with items seized in relation to the same. Plaintiff brings claims against both Elizondo and Salgado pursuant to § 1983 for alleged Fourth Amend. violations (Illegal Search, Illegal Seizure; Deprivation of Liberty), Fourteenth Amend. violations (Due Process) and § 1983 claims for conspiracy and failure to intervene. Plaintiff brings a § 1983 "Supervisory Liability" claim against Elizondo. In addition to these federal claims, Plaintiff brings claims under Illinois law for: malicious prosecution, intentional infliction of emotional distress, respondeat superior, and indemnification. Jurisdiction is based upon 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, and 1367.

(b) <u>Defendants</u>: Defendants Salgado and Elizondo's responsive pleading was stayed until the District Court lifted the stay on August 3, 2020, Dkt. 85, thus the individual defendants have not yet answered the Complaint. The City answered on July 15, 2019 and the City asserts affirmative defenses relating to damages mitigation and/or comparative fault as well as a statute of limitations defense as to state law claims to the extent applicable.

2. <u>Referral Cases</u>: The case has been referred to this Court for discovery supervision and dispositive motion schedule.

3. <u>Discovery Schedule</u>: This case was initially subject to the Mandatory Initial Discovery Pilot Project, however, it is the understanding of the parties that the case is no longer governed by the Mandatory Initial Discovery Pilot Project.

   Proposed Discovery Schedule:

   | | |
   |---|---|
   | Fed. R. Civ. P. 25(a)(1) disclosures | 30 days after Defendants answer the complaint |
   | Fact discovery completion | April 15, 2021 |
   | Disclosure of Plaintiff expert report(s) | June 15, 2021 |
   | Deposition of Plaintiff expert(s) | July 15, 2021 |
   | Disclosure of Defendant's expert report(s) | July 15, 2021 |
   | Deposition of Defendant's expert(s) | August 15, 2021 |
   | Dispositive motions | October 15, 2021 |

4. <u>ESI</u>: Rule 26(f)(3)(C) - the parties anticipate that the case will involve some electronically stored information. The parties will work together to resolve any disputes that arise concerning the form or forms in which it should be produced. The parties are aware that the Court has adopted the Principles of the Seventh Circuit Electronic Discovery Pilot Program.

5. <u>Settlement</u>: the parties engaged in a settlement conference with Magistrate Judge Schenkier on February 2, 2020. No settlement was reached. The parties are not requesting a settlement conference at this time, as the proposed settlement amounts remain far apart.

6. <u>Magistrate Judge Consent</u>: The parties do not unanimously consent to proceed before the magistrate judge at this time.

7. <u>Pending Motions</u>: There are no pending motions.

8. <u>Trial</u>: Plaintiff has demanded a jury trial. Plaintiff anticipates that the trial will last between 5-10 trial days.

9. <u>Other Matters</u>: None at this time.

Dated: August 24, 2020

Respectfully Submitted by:

Matthew J. Madden (matt@mjmaddenlaw.com)
209 S. LaSalle, 7th Floor
Chicago, IL 60604

*For Plaintiff Treadwell*

Molly Armour (mearmour@gmail.com)
53 W. Jackson, Suite 1424
Chicago, IL 60604

*For Plaintiff Treadwell*


Shneur Nathan (snathan@nklawllp.com)
Avi Kamionski (akamionski@nklawllp.com)
Helen O'Shaughnessy (helen@nklawllp.com)
**Nathan & Kamionski, LLP**
33 W. Monroe, Suite 1830
Chicago, Illinois 60603

*For Defendant City*


Kenneth Battle (kbattle@mokblaw.com)
Winnefred Monu (wmonu@mokblaw.com)
Jessica Gomez-Feie (jgf@mokblaw.com)
**O'Connor & Battle L.L.P**
20 N. Clark Street, Suite 1600
Chicago, Illinois 60602

*For Defendant Elizondo*


Steven B. Borkan (sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Whitney Newton Hutchinson (whutchinson@borkanscahill.com)
**BORKAN & SCAHILL, LTD.**
Two First National Plaza
20 South Clark Street Suite 1700

*For Defendant Salgado*