UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TREADWELL, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO POLICE OFFICERS DAVID SALGADO (#16347), XAVIER ELIZONDO (#1340), AND THE CITY OF CHICAGO, ILLINOIS, <br><br> Defendants. | No. 19 CV 3179 <br><br> District Judge Kendall <br><br> Magistrate Judge McShain |

**ORDER**

Pending before the Court is Plaintiff Mark Treadwell's and third-party Irene Simmons' ("Movants") joint motion to quash subpoenas for records related to Simmons and third-party Valerie Lazo [191],[1] which Defendant City of Chicago ("the City") opposes [199].[2] The Court has considered the motion and exhibits [191], the City's response and exhibits [199], and the Movants' reply [203]. For the following reasons, the Court grants the motion to quash the subpoenas with respect to the request for Simmons' call recordings. With respect to the requests related to Lazo's call recordings, the Court construes the motion to quash as a motion for a protective order to prevent third-party discovery, and grants the motion.

**Background**

Plaintiff's Amended Complaint alleges multiple claims against the City and Chicago Police Officers David Salgado and Xavier Elizondo under 42 U.S.C. § 1983 and Illinois law, based on allegations that Defendants Salgado and Elizondo

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

[2] In addition to Simmons, the motion to quash was originally joined by additional third-party witnesses Matthew Dixon, Sharron Rocquemore, Micaela Cruz, and Dontay Cruz [191]. The City initially sought records related to the five joint-movants and three non-joined third-parties—Latonia Gipson, Connie Moore, and Valerie Lazo. However, the parties submitted a joint status report on December 6, 2021, [205] indicating that they had resolved their discovery disputes with respect to six of these witnesses, and the only dispute that remains before the Court is the motion to quash subpoenas for records related to Simmons, who joins in the motion, and Lazo, who does not join.

fabricated evidence to obtain a search warrant and to press charges against the Plaintiff [99].

On August 6, 2021, about two months before the initial fact discovery deadline of October 15, 2021,[3] Plaintiff supplemented his Rule 26(a)(1) disclosures to add eight new witnesses, including Irene Simmons and Valerie Lazo, whom he claimed may have knowledge of other allegedly unlawful searches or alleged misconduct by Defendants Salgado and Elizondo. [191] 4. Subsequently, on September 17 and 22, 2021, counsel for the City notified Plaintiff's counsel of its intent to issue third-party subpoenas to the Illinois Department of Corrections ("IDOC") and Cook County Department of Corrections ("CCDOC") for records related to these recently disclosed witnesses. [191-3, 191-4]; [199] 6. The proposed subpoenas broadly requested all IDOC and CCDOC records related to the third-party witnesses including, at issue here, their recorded phone calls. [199] 6.

The parties met-and-conferred relating to the subpoenas, and Plaintiff agreed to drop his opposition if the City removed the requests for call recordings, but the City declined. [191] 5. The City proceeded to reissue the subpoenas for the unobjected-to portions of the IDOC and CCDOC records, which included requests for the call reports and call logs of the third-party witnesses. [199] 7. As of the filing of their response, the City had received the production of reports and logs from the CCDOC, but was still waiting on records from the IDOC. [*Id.*][4]

Plaintiff, along with five of the third-party witnesses, proceeded to file the instant joint motion to quash with respect to the request for phone call recordings [191]. The parties have since resolved their dispute with respect to several of the third-party witnesses, and the only issue that remains before the Court is the motion to quash subpoenas for the recorded phone calls of Simmons, who joins in the motion, and Lazo, who does not join [205].[5]

---

[3] The fact discovery deadline was subsequently extended to December 10, 2021 [188].
[4] According to the City, the CCDOC records indicate 60 recorded phone call for Lazo, but indicate no recorded phone calls for Simmons [*Id.*] The lack of CCDOC recordings for Simmons suggests that the need to quash the subpoena to the CCDOC with respect to Simmons may have become moot, though neither party addresses this issue. Regardless, the Court understands that, at least as of the filing of the City's response, the IDOC records remain outstanding and do have the potential to show recordings of Simmons' calls. The Court therefore assumes the issue is not moot.
[5] Plaintiff's original filing also included a separate motion to compel related to witnesses disclosed by the City, but the parties have also resolved that dispute. [191, 205]

**Discussion**

**A. Movants' Standing to Move to Quash Third-Party Subpoenas**

Civil Rule 45 provides that a party may issue a subpoena to command production of documents or other tangible material in a person's possession or control. Fed. R. Civ. P. 45(a). "The limits of production under a subpoena are essentially the same as the scope of discovery generally under Fed. R. Civ. P. 26, which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *FireBlok IP Holdings, LLC v. Hilti, Inc.*, Case No. 19 CV 50122, 2021 WL 5283946, at *2 (N.D. Ill. Aug. 10, 2021) (internal quotation marks omitted). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected material" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

As a threshold matter, the City argues that Movants do not have standing to quash the City's third-party subpoena directed to CCDOC and IDOC as it relates to the phone call recordings of Lazo, and argues that Plaintiff lacks standing to object to the subpoenas of either third-party. [199] 12. The City is correct that courts in this district have held that "ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Buonavolanto v. LG Chem., Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *1 (N.D. Ill. Mar. 8, 2019) (internal quotation marks and brackets omitted). Movants have not offered any argument as to how they have a personal right or privilege with regards to the recorded phone calls of Lazo, who is not a party to the motion, nor has Plaintiff pointed to any personal right or privilege with respect to any of the third-party subpoenas at issue. The Court can see none, and thus finds that Movants have no standing under Rule 45 to quash the subpoenas as they relate to Lazo, and that Plaintiff has no standing under Rule 45 to quash the subpoena as to either Simmons or Lazo.

However, this is not the end of the inquiry. "[I]n contrast to a motion to quash, a party clearly has standing to seek a protective order to limit discovery from a third party." *Buonavolanto*, 2019 WL 8301068, at *2 (internal quotation marks and brackets omitted). "Indeed, the limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45." *Id.* (internal quotation marks and brackets omitted). Here, Movants argue that the third-party subpoenas for phone recordings go beyond the scope of permissible discovery under Rule 26 because they are overly broad and disproportionate to the needs of the case. [191] 13; [203] 8. "Because the stated rationale for [their] motion is that the subpoenas issued to non-parties go beyond the scope of discovery" allowed under Rule 26, the Court will construe Movants' motion to quash "as a motion for a Fed. R. Civ. P. 26(c) protective

3

order to enforce the limits on discovery provided by Fed. R. Civ. P. 26(b), which [they] do have standing to seek." *Id.* (internal quotation marks omitted); *see also DeLeon-Reyes v. Guevara*, Case Nos. 1:18-cv-1028 & 1:18-cv-2312, 2020 WL 3050230, at *3 (N.D. Ill. Jun. 8, 2020) (construing motion to quash subpoenas that raised relevance and proportionality objections as motion for protective order where parties had briefed arguments relating to alleged relevance of subpoenas). Civil Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts have "substantial latitude to fashion protective orders." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) (internal quotation marks omitted). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. 2011). The parties have adequately briefed the relevance and proportionality arguments related to the subpoenas for the Court to address the issue under Rule 26(c).

As for the subpoenas for records related to Simmons: because she has joined in the motion, her request can properly be analyzed as a motion to quash. However, the Court's analysis is ultimately the same for both the requests related to Simmons and the requests related to Lazo, whether analyzing them under Rule 45 or under Rule 26, because in both cases the question is whether the requested records are relevant and proportional to the needs of the case. *See generally Little v. JB Pritzker for Governor,* No. 18 C 6954, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020) (noting the factors a Court considers when determining whether to quash a subpoena include whether the information requested is relevant, whether there is a substantial need for the documents, and whether the request is overbroad.)

Because the analysis is the same for both Simmons and Lazo, the Court will proceed to review the relevance and proportionality of the requests for both of their phone call records.

### B. The Recorded Calls Sought by the City are not Relevant, and the Requests are Not Proportional to the Needs of the Case.

Here, there is a sufficient basis to quash the subpoenas with respect to Simmons, and there is good cause for a protective order to prevent their issuance with respect to Lazo, because Simmons' and Lazo's phone call recordings are irrelevant and the requests and are not proportional to the needs of the case. Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[T]he parties *and the court* have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery

4

disputes." Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amendments (emphasis added). As noted above, the same discovery limits that apply under Rule 26(b) apply to third-party subpoenas under Rule 45. *See FireBlok IP Holdings, LLC*, 2021 WL 5283946, at *2 ("The limits of production under a subpoena are essentially the same as the scope of discovery generally under Fed. R. Civ. P. 26, which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

The City claims the recorded phone calls "may contain information relating to the alleged unlawful searches and misconduct of Defendants as well as general information regarding [Simmons and Lazo] and information that may have bearing on their credibility." [199] 14. However, this case is about *Plaintiff's* allegations of misconduct against the City and Defendants Salgado and Elizondo, not Simmons' or Lazo's claims, and the City concedes that neither witness appears to have any knowledge of the Plaintiff or his claims. [*Id.*] at 10-11. It appears to the Court that the recordings of Simmons' and Lazo's personal phone calls have very little bearing on the issues in this case and Plaintiff's specific allegations of Defendants' misconduct.

Insofar as Simmons' and Lazo's phone recordings may have some limited relevance to their potential use as Rule 404(b) witnesses, the Court finds the request for their phone recordings are nonetheless overbroad and not proportional to the needs of the case. The City has already conducted discovery related to these additional witnesses, including by taking the depositions of both Simmons and Lazo. [*Id.*] at 10. Further, the City has already subpoenaed call reports and logs from both the IDOC and CCDOC, and has received production from the latter. [*Id.*] at 7. The City does not point to any examples from the received records for which it has a particular need for more information, nor does it cite to any information in the logs or reports demonstrating why further discovery is necessary. Rather, the City argues as a general matter that it needs access to the contents of the recordings to determine whether any relevant information is discussed. [199] 14.

The City may desire further discovery to challenge these witnesses' claims, but "[t]he bulk of the parties' discovery efforts should go to the allegations of the complaint, namely *the specific incidents* alleged to have occurred to [Plaintiff] at the hands of these individual Defendant Officers." *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 1429521, at *7 (N.D. Ill. Mar. 18, 2020) (placing limits on discovery into Rule 404(b) witnesses based on what would be proportional for the needs of the case) (emphasis added). The City has not sufficiently demonstrated the need to subpoena what will be hours[6] of recorded phone calls from non-parties based

---

[6] As noted above, the CCDOC records indicate 60 recorded phone calls for Lazo. Even based on a conservative estimate of 10 minutes per call, that would amount to 10 hours of recordings just for Lazo, which does not take into account the potential for further recordings from the IDOC for Simmons.

5

on the speculative hope that those calls may contain information relevant to the limited issue of challenging or impeaching the third-party witnesses' claims. The limited potential relevance of the recordings is outweighed by the burden and expense that would be caused by allowing their production at this stage of the case.

The Court also takes note of the privacy interests at stake. The City is right that courts routinely find that individuals do not have a reasonable expectation of privacy in prison phone calls. *See, e.g., Velez v. City of Chicago,* 18 C 8144, 2021 WL 3231726, at *4 (N.D. Ill. July 29, 2021) (collecting cases). However, Plaintiff is also correct that, "[w]hile inmates would reasonably expect that their phone calls could be accessed by prison officials, they would not reasonably expect that the details of their recorded phone calls would be handed over to civil litigants." *See Pursley v. City of Rockford*, No. 18 CV 50040, 2020 WL 1433827, at *2 (N.D. Ill. Mar. 24, 2020), *opinion adopted*, No. 18 CV 50040, 2020 WL 4815946 (N.D. Ill. Aug. 19, 2020) (internal citations omitted). Here, it is enough to say that the personal privacy interest of Simmons, who is not a party to this litigation but who joined the motion to quash, is another factor the Court can consider when assessing whether the request for her recorded phone calls is proportional to the needs of the case. The Court finds that this privacy interest is another factor that weighs against allowing the subpoenas as to Simmons.

In sum, the Court finds that Simmons' and Lazo's recorded phone calls are not relevant, and that the City's request is not proportional to the needs of the case and goes beyond the scope of permissible discovery under Rule 26. The City and Defendants Salgado and Elizondo will be free to dispute Simmons' and Lazo's claims at trial in the event their testimony is deemed admissible under Rule 404(b), but the Court declines to allow further discovery into this tangential issue at this time.

## Conclusion

For the forgoing reasons, the Court grants the joint motion to quash [191] the subpoenas with respect to the request for Simmons' call recordings. With respect to the requests related to Lazo's call recordings, the Court construes the motion to quash [191] as a motion for a protective order to prevent third-party discovery, and grants the motion. The City shall not subpoena the IDOC and CCDOC for Simmons' and Lazo's phone call recordings.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 14, 2021**