# EXHIBIT 44

LOUISVILLE  LEXINGTON  LONDON  FLORENCE  CINCINNATI  INDIANAPOLIS  ORLANDO  JACKSONVILLE  TAMPA



# KENTUCKIANA
## ——— COURT REPORTERS ———

## CASE NO. 19-CV-3179

## MARK TREADWELL

### VS

## CHICAGO POLICE OFFICER, ET AL.

## DEPONENT:

## DAVID SALGADO

## DATE:

## September 29, 2021



a courtroom
**powerhouse**



✉ schedule@kentuckianareporters.com

☎ 877.808.5856  |  502.589.2273

www.kentuckianareporters.com

1           UNITED STATES DISTRICT COURT

2      FOR THE NORTHERN DISTRICT OF ILLINOIS

3               EASTERN DIVISION

4                JUDGE KENDALL

5         MAGISTRATE JUDGE MCSHAIN

6             NO. 19-CV-3179

7

8             MARK TREADWELL,

9              Plaintiff,

10

11              VS.

12

13        CHICAGO POLICE OFFICERS,

14         DAVID SALGADO (#16347)

15       XAVIER ELIZONDO (#1340), AND

16      THE CITY OF CHICAGO, ILLINOIS,

17           Defendants.

18

19

20

21

22

23  DEPONENT:  DAVID SALGADO

24  DATE:      SEPTEMBER 29, 2021

25  REPORTER:  VICTORIA JADICK

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606



502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

Page 2

APPEARANCES

1   APPEARANCES

2

3   ON BEHALF OF THE PLAINTIFF, MARK TREADWELL:

4   Theresa Kleinhaus

5   Loevy & Loevy

6   311 North Aberdeen Street

7   Third Floor

8   Chicago, Illinois 60607

9   Telephone No.: (312) 243-5900

10  E-mail: tess@loevy.com

11  (Appeared via videoconference)

12

13  AND

14

15  Molly Armour

16  Law Office of Molly Armour

17  4050 North Lincoln Avenue

18  Chicago, Illinois 60618

19  Telephone No.: (773) 746-4849

20  E-mail: armourdefender@gmail.com

21  (Appeared via videoconference)

22

23

24

25

Page 4

APPEARANCES (CONTINUED)

1   APPEARANCES (CONTINUED)

2

3   ON BEHALF OF THE DEFENDANT, THE CITY OF CHICAGO:

4   Ryan Janski

5   Nathan & Kamionski, LLP

6   33 West Monroe Street

7   Suite 1830

8   Chicago, Illinois 60603

9   Telephone No.: (312) 612-2238

10  E-mail: rjanski@nklawllp.com

11  (Appeared via videoconference)

12

13  Also present:

14  Isabella Aguilar, Justice Fellow at Loevy & Loevy

15

16

17

18

19

20

21

22

23

24

25

Page 3

APPEARANCES (CONTINUED)

1   APPEARANCES (CONTINUED)

2

3   ON BEHALF OF THE DEFENDANT, DAVID SALGADO:

4   Andrew Cook

5   Borkan & Scahill, Ltd.

6   Two First National Plaza

7   20 South Clark Street

8   Suite 1700

9   Chicago, Illinois 60603

10  Telephone No.: (312) 580-1030

11  E-mail: acook@borkanscahill.com

12  (Appeared via videoconference)

13

14  ON BEHALF OF THE DEFENDANT, XAVIER ELIZONDO:

15  Winnefred Monu

16  O'Connor & Battle, LLP

17  20 North Clark Street

18  Suite 1600

19  Chicago, Illinois 60602

20  Telephone No.: (312) 786-4600

21  E-mail: wmonu@mokblaw.com

22  (Appeared via videoconference)

23

24

25

Page 5

INDEX

1   INDEX

2                                          Page

3   PROCEEDINGS                             7

4   DIRECT EXAMINATION BY MS. KLEINHAUS     9

5   CROSS-EXAMINATION BY MR. JANSKI         110

6

7

8              EXHIBITS

9   Exhibit                                 Page

10  1 - Treadwell Arrest Report             59

11  2 - Incident Report                     65

12  3 - Complaint for Search Warrant        67

13

14

15

16

17

18

19

20

21

22

23

24

25

**Kentuckiana Reporters**
**30 South Wacker Drive, 22nd Floor**
**Chicago, Illinois 60606**



**502.589.2273 Phone**
**502.584.0149 Fax**
**schedule@kentuckianareporters.com**
**www.kentuckianareporters.com**

The Deposition of DAVID SALGADO, taken on September 29, 2021

6..9

Page 6

STIPULATION

The VIDEO deposition of DAVID SALGADO was taken at KENTUCKIANA COURT REPORTERS, 30 SOUTH WACKER DRIVE, 22ND FLOOR, CHICAGO, ILLINOIS 60606, via videoconference in which all participants attended remotely, on WEDNESDAY, the 29TH day of SEPTEMBER 2021 at 11:04 a.m. EST; said VIDEO deposition was taken pursuant to the FEDERAL Rules of Civil Procedure. The above-referenced notarial act involved the use of communication technology. Specifically, the court reporter appeared by videoconference pursuant to KRS 423.455 and complied with all statutory requirements. It is agreed that VICTORIA JADICK, being a Notary Public and Court Reporter for the State of KENTUCKY, may swear the witness and that the reading and signing of the completed transcript by the witness is not waived.

Page 7

PROCEEDINGS

COURT REPORTER: All right. We are now on the record. My name is Victoria Jadick. I'm the video technician and court reporter today. Today is the 29th day of September, 2021, and the time is 11:05 Eastern Standard Time. We are convened by videoconference to take the deposition of David Salgado in matter of Mark Treadwell versus Chicago Police Officers, David Salgado, number 16347, Xavier Elizondo, number 1340, and the City of Chicago, Illinois, pending in the United States District Court for the Northern District of Illinois, Eastern Division, number 19-CV-3179. Will Counsel please state your appearance, how you are attending, and the location you are attending from, starting with plaintiff's counsel.

MS. KLEINHAUS: Yes. Good morning. Theresa Kleinhaus, attending from Chicago, Illinois, remotely.

MS. ARMOUR: Good morning. Molly Armour, Plaintiff's counsel, attending from Chicago, also remotely.

MR. COOK: Good morning. Andrew Cook for Defendant Salgado, appearing remotely from Chicago,

Page 8

Illinois.

MR. JANSKI: Ryan Janski for Defendant City of Chicago, also appearing remotely from Chicago, Illinois.

MS. MONU: Winnefred Monu on behalf of Defendant Elizondo, here and from Chicago, Illinois.

COURT REPORTER: Okay. And Mr. Salgado, would you please state your full name for the record?

THE WITNESS: Sure. David Salgado. Last name's spelled S-A-L-G-A-D-O.

COURT REPORTER: And would you please take your ID and hold it up to the camera as close as you can? Can everyone see that?

THE WITNESS: I'm sorry?

COURT REPORTER: Oh. I was asking counsel.

THE WITNESS: Yeah.

COURT REPORTER: Okay. Wonderful. Okay. You may put that away, Mr. Salgado. Do all parties agree that the witness is, in fact, Mr. David Salgado?

MR. COOK: Agree.

MR. JANSKI: Agreed.

MS. KLEINHAUS: Agreed. And, Victoria, we also have Isabella Aguilar on for our firm. She just joined.

Page 9

COURT REPORTER: Yes, ma'am. Thank you. Mr. Salgado, would you please raise your right hand? Do you solemnly swear or affirm that the testimony you're about to give will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: I do.

COURT REPORTER: Thank you. Counsel, you may proceed.

DIRECT EXAMINATION

BY MS. KLEINHAUS:

Q    Thank you. Good morning, Mr. Salgado. My name is Tess Kleinhaus. I represent Mark Treadwell. Sir, have you been deposed before?

A    Yes.

Q    How many times have you given a deposition?

A    I'm going to say around five times.

Q    Okay. I'm just going to go over a few ground rules today to make it go smoother, okay? So first of all -- and I know you may be asserting your constitutional rights for a number of these questions. Obviously, you can do that. But if you cannot see an exhibit, or you cannot hear the question, can you agree to tell me that?

A    Yes.

Q    Okay. And if you answer my question, I'll

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

Case: 1:19-cv-03179 Document #: 243-44 Filed: 04/19/22 Page 6 of 32 PageID #:3259
The Deposition of DAVID SALGADO, taken on September 29, 2021

10..13

Page 10

1  assume you understand it; is that fair?
2      A   Yes.
3      Q   Okay.  And are you on any medications, or do
4  you have any medical conditions that would prevent you
5  from providing accurate testimony today?
6      A   No.
7      Q   Okay.  What did you do to prepare for your
8  deposition today?
9      A   Spoke to my attorney.
10     Q   Did you review any documents?
11     A   No.
12     Q   Okay.  Sir, did you pay an informant to give
13  you false information about Mark Treadwell?
14         MR. JANSKI:  Objection.  Assumes facts not in
15  evidence.
16         MR. COOK:  Join.
17  BY MS. KLEINHAUS:
18     Q   Go ahead.
19     A   Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.
22     Q   And are you refusing to answer that question
23  about whether you paid an informant to give you false
24  information about Mark Treadwell because you fear
25  prosecution if you answer truthfully?

Page 11

1          MR. JANSKI:  Objection.
2          MR. COOK:  Objection.  Form.
3          MR. JANSKI:  I'll join.
4      A   Upon the advice --
5  BY MS. KLEINHAUS:
6      Q   Go ahead, sir.  Even if there's an objection
7  -- sorry.  Go ahead.
8      A   Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.
11     Q   Are you currently in federal prison?
12     A   Upon the advice of my counsel, I'm asserting
13  my Fifth Amendment right and refuse to answer that
14  question.
15     Q   Are you a former member of the Chicago Police
16  Department?
17     A   Upon the advice of my counsel I'm asserting my
18  Fifth Amendment right and refuse to answer that
19  question.
20     Q   For how many years as a Chicago police officer
21  did you violate the law?
22         MR. COOK:  Objection.
23     A   Upon the --
24         MR. JANSKI:  Sorry, Andrew.  Did you object?  I
25  thought I heard someone else.

Page 12

1          MR. COOK:  I did.  And I think, Tess, just --
2  we were doing this, you know, one objection for all,
3  I think is kind of how we've been doing it?
4          MS. KLEINHAUS:  Yes.  Agreed.
5          MR. COOK:  Okay.  Okay.
6  BY MS. KLEINHAUS:
7      Q   Go ahead --
8          MR. JANSKI:  Just for the -- I didn't hear what
9  the objection was, so -- and I apologize.  I'll join
10  with whatever it was, but I'm also going to object
11  to foundation, and leading.
12  BY MS. KLEINHAUS:
13     Q   Go ahead, Mr. Salgado.
14     A   Upon the advice of my counsel, I'm asserting
15  the Fifth Amendment right and refuse to answer that
16  question.
17     Q   For how many years did you violate the
18  constitutional rights of civilians?
19         MR. COOK:  Objection to form and --
20     A   Upon the --
21     Q   Go ahead, sir.
22     A   :  Upon the advice of my counsel, I'm
23  asserting my Fifth Amendment right and refuse to answer
24  that question.
25     Q   And you are refusing to answer the question

Page 13

1  about violating the constitutional rights of civilians
2  because you fear prosecution if you answer truthfully,
3  correct?
4          MR. COOK:  Objection to form and foundation.
5      A   Upon the advice of my counsel, I'm asserting
6  my Fifth Amendment right and refuse to answer that
7  question.
8      Q   Sir, how many wrongful convictions did you
9  cause?
10         MR. COOK:  Objection.  Form and foundation.
11     A   Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14     Q   Sir, how many false arrests did you cause?
15         MR. COOK:  Objection.  Form and foundation.
16         MR. JANSKI:  I'll join, add assumes facts not
17  in evidence.
18         MS. KLEINHAUS:  And Ryan, that's actually a
19  trial objection.  This is discovery.  We're to find
20  facts, and find the evidence.
21  BY MS. KLEINHAUS:
22     Q   But go ahead, sir.
23     A   Upon the advice of my counsel, I'm asserting
24  my Fifth Amendment right and refuse to answer that
25  question.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

Page 14

1    Q    How many illegal detentions did you cause?
2         MR. COOK:  Objection.  Form.  Foundation.  Go
3    ahead, David.
4    A    Upon the advice of my counsel, I'm asserting
5    my Fifth Amendment right and refuse to answer that
6    question.
7    Q    And, sir, you're refusing to answer questions
8    about how many wrongful convictions, and false arrests,
9    and illegal detentions you caused because you fear
10   prosecution if you answered truthfully, right?
11        MR. COOK:  Objection to form and foundation.
12   A    Upon the advice of my counsel, I'm asserting
13   my Fifth Amendment right and refuse to answer that
14   question.
15   Q    Mr. Salgado, what is the code of silence
16   within the Chicago Police Department?
17   A    Upon the advice of my counsel --
18        MR. COOK:  Form and foundation.
19   A    -- I'm asserting my Fifth Amendment right and
20   refuse to answer that question.
21   Q    Were you a beneficiary of the code of silence
22   within the Chicago Police Department?
23        MR. JANSKI:  Same objections.
24   A    Upon the advice of my counsel, I'm asserting
25   my Fifth Amendment right and refuse to answer that

Page 15

1    question.
2    Q    Sir, you were never disciplined by the Chicago
3    Police Department for paying informants, correct?
4         MR. JANSKI:  Objection.  Form.  Foundation.
5    Assumes facts not in evidence.
6         MR. COOK:  Join.
7    A    Upon the advice of my counsel, I'm asserting
8    my Fifth Amendment right and refuse to answer that
9    question.
10   BY MS. KLEINHAUS:
11   Q    Sir, you were never disciplined for framing
12   people for crimes they did not commit, correct?
13        MR. JANSKI:  Same objections.
14        MR. COOK:  Join.
15   A    Upon the advice of my counsel, I'm asserting
16   my Fifth Amendment right and refuse to answer that
17   question.
18   Q    And you're refusing to answer the question
19   regarding whether you were ever disciplined for framing
20   people for crimes they did not commit because you fear
21   prosecution if you were to answer truthfully, correct?
22        MR. COOK:  Objection.  Form and foundation.
23        MR. JANSKI:  I'm going to make the same --
24   A    Upon --
25        MR. COOK:  -- objections as the previous

Page 16

1    question.
2         MS. KLEINHAUS:  Okay.  And, counsel, if you two
3    are joining, we're accepting that you've joined
4    everyone's objections unless you tell us otherwise
5    okay?
6         MR. COOK:  Right.
7         MR. JANSKI:  Yeah.  No.  I apologize.  I
8    thought I had a different objection than Andrew, and
9    I still think I do, so that's why I made that
10   objection. But I understand the agreement with
11   respect to joining, Tess.
12        MS. KLEINHAUS:  Okay.
13   A    Upon the advice of my counsel, I'm asserting
14   my Fifth Amendment right and refuse to answer that
15   question.
16   BY MS. KLEINHAUS:
17   Q    Okay.  So you never even feared discipline
18   from the Chicago Police Department for framing people
19   for crimes they did not commit, correct?
20        MR. COOK:  Objection to form and foundation.
21   A    Upon the advice of my counsel, I'm asserting
22   my Fifth Amendment right and refuse to answer that
23   question.
24   Q    You knew that the Chicago Police Department
25   would not discipline you for framing people for crimes

Page 17

1    they did not commit, right?
2         MR. COOK:  Same objections.
3    A    Upon the advice of my counsel, I'm asserting
4    my Fifth Amendment right and refuse to answer that
5    question.
6    Q    How much money did you pay informants while
7    you were a member of the Chicago Police Department?
8         MR. COOK:  Objection.  Foundation.
9    A    Upon the advice of my counsel, I'm asserting
10   my Fifth Amendment right and refuse to answer that
11   question.
12   Q    When do you expect to be released from prison?
13   A    Upon the advice of my counsel, I'm asserting
14   my Fifth Amendment right and refuse to answer that
15   question.
16   Q    Did you violate Chicago Police Department
17   policies when you were a police officer?
18   A    Upon the advice of my counsel --
19        MR. COOK:  Objection to form.  Foundation.
20   A    Upon the advice of my counsel, I'm asserting
21   my Fifth Amendment right and refuse to answer that
22   question.
23   Q    Did you violate policies regarding paying
24   informants while you were a member of the Chicago Police
25   Department?

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

18..21

Page 18

1      MR. COOK: Tess, you cut out. Could you
2  restate that question? Sorry.
3     Q  Sure. Did you violate police department
4  policies regarding paying informants?
5      MR. COOK: Objection. Foundation.
6      MR. JANSKI: Yeah, Tess. Something's going on.
7  We can't hear you, really.
8      MS. KLEINHAUS: Mr. Salgado, is there something
9  going on in the background where you are?
10     THE WITNESS: No.
11     MS. KLEINHAUS: Okay. I'm hearing some
12  interference, too, but it's not on my location. So,
13  can you guys hear me now?
14     MR. COOK: Yes. Thank you.
15     MS. KLEINHAUS: Okay. Just raise your hand, or
16  speak up if you can't hear me.
17  BY MS. KLEINHAUS:
18     Q  Sir, did you violate Chicago Police Department
19  policies regarding paying informants while you were a
20  Chicago police officer?
21     A  Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.
24     Q  Sir, did you violate Chicago Police Department
25  policies regarding search warrants while you were a

Page 19

1  Chicago police officer?
2      MR. JANSKI: Objection. Form. Foundation.
3     A  Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6     Q  Did you fabricate search warrants while you
7  were a member of the Chicago Police Department?
8      MR. COOK: Objection. Foundation.
9      MR. JANSKI: I'll add objection. Vague. And
10  then also -- that's it. Just vague.
11     A  Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14  BY MS. KLEINHAUS:
15     Q  And you're refusing to answer whether or not
16  you fabricated search warrants because you fear
17  prosecution if you answer truthfully, correct?
18      MR. COOK: Objection to form and foundation.
19     A  Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.
22     Q  Did you create search warrants that contained
23  information you knew to be false?
24      MR. COOK: Objection. Foundation.
25     A  Upon the advice of my counsel, I'm asserting

Page 20

1  my Fifth Amendment right and refuse to answer that
2  question.
3     Q  And you're refusing to answer that question
4  regarding whether you created search warrants containing
5  information you knew to be false because you fear
6  prosecution if you were to answer truthfully, correct?
7      MR. COOK: Objection. Form and foundation.
8     A  Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.
11     Q  How many times did you present false
12  information to a judge in order to obtain a search
13  warrant?
14      MR. COOK: Objection. Foundation.
15     A  Upon the advice of my counsel, I'm asserting
16  my Fifth Amendment right and refuse to answer that
17  question.
18  BY MS. KLEINHAUS:
19     Q  And you're refusing to answer how many times
20  you presented a judge with false information in order to
21  obtain a search warrant because you fear prosecution if
22  you answer truthfully, correct?
23      MR. COOK: Objection. Form and foundation.
24     A  Upon the advice of my counsel, I'm asserting
25  my Fifth Amendment right and refuse to answer that

Page 21

1  question.
2     Q  Sir, you regularly presented judges with false
3  information in order to obtain search warrants, right?
4      MR. COOK: Objection. Form and foundation.
5     A  Upon the advice of my counsel, I'm asserting
6  my Fifth Amendment right and refuse to answer that
7  question.
8     Q  And you're refusing to answer the question as
9  to whether you regularly presented judges with false
10  information in order to obtain search warrants because
11  you fear that you will be prosecuted if you answer
12  truthfully, right?
13      MR. COOK: Same objections.
14     A  Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17     Q  Sir, was Xavier Elizondo your supervisor at
18  the Chicago Police Department for a period of time?
19      MR. JANSKI: Objection. Vague.
20     A  Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.
23     Q  Were you part of a conspiracy with Xavier
24  Elizondo to frame people for crimes they did not commit?
25      MR. COOK: Objection. Foundation.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

The Deposition of DAVID SALGADO, taken on September 29, 2021

22..25

Page 22

1  A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4  Q   And you're refusing to answer whether you were
5  part of a conspiracy with Xavier Elizondo to frame
6  people for crimes they did not commit because you fear
7  prosecution if you were to answer truthfully, correct?
8  MR. COOK:  Objection.  Form and foundation.
9  A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12 Q   Were you part of a conspiracy with Sergeant
13 Xavier Elizondo to pay informants?
14 MR. COOK:  Objection.  Foundation.
15 A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18 Q   And you're refusing to answer whether you were
19 part of a conspiracy with Sergeant Xavier Elizondo --
20 I'm sorry -- to pay informants because you fear
21 prosecution if you answer truthfully, correct?
22 MR. COOK:  Objection.  Form and foundation.
23 A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Page 23

1  Q   Mr. Salgado, were you part of a conspiracy
2  with Sergeant Xavier Elizondo to present false
3  information to judges in order to obtain search
4  warrants?
5  MR. COOK:  Objection.  Form and foundation.
6  A   Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9  Q   And you're refusing to answer whether you were
10 part of a conspiracy with Sergeant Xavier Elizondo to
11 present false information to judges in order to obtain
12 search warrants because you fear prosecution if you were
13 to answer truthfully, correct?
14 MR. COOK:  Same objections.
15 A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18 Q   Sir, you witnessed other members of your
19 tactical team pay informants, correct?
20 A   Upon the advice of my counsel, I'm asserting
21 my Fifth Amendment right and refuse to answer that
22 question.
23 Q   Did you pay informants in 2017?
24 A   Upon the advice of my counsel, I'm asserting
25 my Fifth Amendment right and refuse to answer that

Page 24

1  question.
2  Q   Did you pay informants in October of 2017?
3  A   Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6  Q   Did Elizondo pay informants in 2017?
7  MR. COOK:  Objection.  Foundation.
8  MR. JANSKI:  Speculation.
9  A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12 Q   Did other members of your tactical team pay
13 informants in 2017?
14 MR. COOK:  Same objections.
15 A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18 Q   Did you give informants drugs in 2017?
19 A   Upon the advice of my counsel, I'm asserting
20 my Fifth Amendment right and refuse to answer that
21 question.
22 Q   And you're refusing to answer whether you gave
23 informants drugs in 2017 because you fear prosecution if
24 you were to answer that question truthfully, correct?
25 MR. COOK:  Objection.  Form and foundation.

Page 25

1  A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4  Q   Sir, did you bring people in front of judges
5  as though they were informants when, in fact, those
6  individuals had no first-hand knowledge of the alleged
7  illegal activity?
8  MR. COOK:  Same objection.
9  MR. JANSKI:  I'll add, vague.
10 A   Upon the advice of my counsel, I'm asserting
11 my Fifth Amendment right and refuse to answer that
12 question.
13 Q   Did you use fake John Doe informants in front
14 of judges?
15 MR. JANSKI:  Same objections.
16 A   Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19 Q   And you're refusing to answer whether you used
20 fake John Doe informants in front of judges because you
21 fear prosecution if you were to answer that question
22 truthfully, correct?
23 MR. COOK:  Objection.  Form.  Foundation.
24 A   Upon the advice of my counsel, I'm asserting
25 my Fifth Amendment right and refuse to answer that

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

Page 26

1  question.
2  Q  Did you instruct William Vaughn-Howe
3  (phonetic) how to lie to judges in order to obtain
4  search warrants?
5  MR. COOK: Objection. Form and foundation.
6  A  Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9  Q  You're refusing to answer whether you
10  instructed civilians on how to lie to judges because you
11  fear prosecution if you were to answer truthfully,
12  correct?
13  MR. COOK: Same objections.
14  A  Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17  Q  Did Sergeant Elizondo instruct you on how to
18  present false information to judges?
19  MR. COOK: Objection. Form and foundation.
20  A  Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.
23  Q  Did Sergeant Elizondo instruct you on how to
24  help someone pose as a John Doe informant?
25  MR. COOK: Same objections.

Page 27

1  A  Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4  Q  Did Sergeant Elizondo teach you what you
5  needed to do to obtain a warrant using false or
6  fabricated information?
7  MR. COOK: Same objections.
8  A  Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.
11  Q  Sir, why did you frame people for crimes that
12  they didn't commit?
13  MR. COOK: Objection. Form. Foundation.
14  A  Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17  Q  And you're refusing to answer why you framed
18  people for crimes they didn't commit because you fear
19  prosecution if you were to answer truthfully, correct?
20  MR. COOK: Form. Foundation.
21  A  Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.
24  Q  Why did you create police reports containing
25  false information?

Page 28

1  MR. COOK: Objection. Form Foundation.
2  A  Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.
5  Q  And you're refusing to answer why you created
6  police reports containing false information because you
7  fear prosecution if you were to answer truthfully,
8  correct?
9  MR. COOK: Objection. Form and foundation.
10  A  Upon the advice of my counsel, I'm asserting
11  my Fifth Amendment right and refuse to answer that
12  question.
13  Q  Sir, you knew that a prosecutor would rely on
14  false information contained in police reports, right?
15  MR. COOK: Same objections.
16  A  Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.
19  Q  And you knew that judges and juries would rely
20  on the statements of police officers, right?
21  MR. COOK: Objection. Foundation.
22  A  Upon the advice of my counsel, I'm asserting
23  my Fifth Amendment right and refuse to answer that
24  question.
25  Q  Sir, did you steal money while you were a

Page 29

1  member of the Chicago Police Department?
2  MR. COOK: Objection. Foundation.
3  A  Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6  Q  And you're refusing to answer whether or not
7  you stole money while you were a member of the Chicago
8  Police Department because you fear prosecution if you
9  were to answer that question truthfully, correct?
10  MR. COOK: Objection. Form and foundation.
11  A  Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14  Q  Sir, did you steal drugs while you were a
15  member of the Chicago Police Department?
16  A  Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.
19  Q  And sir, you're refusing to answer whether you
20  stole drugs while you were a member of the Chicago
21  Police Department because you fear prosecution if you
22  were to answer that question truthfully, correct?
23  MR. COOK: Form and foundation.
24  A  Upon the advice of my counsel, I'm asserting
25  my Fifth Amendment right and refuse to answer that

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

30..33

**Page 30**

1  question.

2  Q  Did you have a drug or alcohol addiction while
3  you were a member of the Chicago Police Department?

4  A  Upon the advice of my counsel --

5  MR. JANSKI: Sorry, Mr. Salgado. Form.
6  Foundation. Assumes facts not in evidence.

7  A  Upon the advice of my counsel, I'm asserting
8  my Fifth Amendment right and refuse to answer that
9  question.

10  Q  How many registered confidential informants
11  did you work with while you were a member of the Chicago
12  Police Department?

13  A  Upon the advice of my counsel, I'm asserting
14  my Fifth Amendment right and refuse to answer that
15  question.

16  Q  How many confidential informants did you work
17  with while you were a member of the Chicago Police
18  Department?

19  MR. COOK: Objection. Form. Asked and
20  answered

21  A  Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.

24  Q  How many John Doe informants did you work with
25  while you were a member of the Chicago Police

**Page 31**

1  Department?

2  A  Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.

5  Q  How many purported, or fake John Doe
6  informants did you work with while you were a member of
7  the Chicago Police Department?

8  MR. COOK: Objection. Form and foundation.

9  MR. JANSKI: I'll add vague.

10  A  Upon the advice of my counsel, I'm asserting
11  my Fifth Amendment right and refuse to answer that
12  question.

13  Q  Sir, you're refusing to answer how many
14  purported, or fake John Doe informants you worked with
15  while you were a member of the Chicago Police Department
16  because you fear prosecution if you were to answer that
17  question truthfully, correct?

18  MR. COOK: Objection. Form and foundation.

19  A  Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.

22  Q  Did you commit crimes while you were a member
23  of the Chicago Police Department that were not charged
24  in the federal case brought against you?

25  MR. COOK: Objection. Form and foundation.

**Page 32**

1  MR. JANSKI: I'll add vague.

2  A  Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.

5  Q  And, sir, you're refusing to answer what
6  crimes -- whether you committed crimes that were not
7  charged in the federal case because you fear prosecution
8  if you were to answer that question truthfully, correct?

9  MR. COOK: Objection. Form and foundation.

10  A  Upon the advice of my counsel, I'm asserting
11  my Fifth Amendment right and refuse to answer that
12  question.

13  Q  Did you remove drugs from the CPD evidence
14  room and distribute the drugs to informants?

15  MR. COOK: Objection. Foundation.

16  A  Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.

19  Q  Do you know who Mark Treadwell is?

20  A  Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.

23  Q  And you're refusing to answer whether you know
24  whether you know who Mark Treadwell is because you fear
25  prosecution if you were to answer that question

**Page 33**

1  truthfully, correct?

2  MR. COOK: Objection. Form and foundation.

3  A  Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.

6  Q  Did you arrest Mark Treadwell as part of a
7  traffic stop in September 2010?

8  A  Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.

11  Q  And that case against him was dismissed,
12  correct?

13  A  Upon the advice of my counsel, I'm asserting
14  my Fifth Amendment right and refuse to answer that
15  question.

16  Q  Mr. Treadwell challenged the forfeiture of the
17  vehicle in that case, correct?

18  MR. COOK: Objection.

19  A  Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.

22  Q  And after the case was resolved in
23  Mr. Treadwell's favor, did you tell Mark that you'd see
24  him again?

25  MR. COOK: Objection. Form. Foundation.



Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

Page 34

1      A    Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4      Q    And you're refusing to answer whether you told
5  Mark Treadwell that you'd see him again after he
6  successfully resolved the 2010 case because you fear
7  prosecution if you were to answer that question
8  truthfully, correct?
9          MR. COOK:  Same objections.
10     A    Upon the advice of my counsel, I'm asserting
11 my Fifth Amendment right and refuse to answer that
12 question.
13     Q    Did you participate in the search of
14 1645 South Harding Avenue, Chicago, Illinois, on
15 October 21, 2017?
16     A    Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q    And you're refusing to answer whether you were
20 part of the search at 1645 South Harding Avenue in
21 Chicago because you fear prosecution if you were to
22 answer that question truthfully, correct?
23         MR. COOK:  Form and foundation.
24     A    Upon the advice of my counsel, I'm asserting
25 my Fifth Amendment right and refuse to answer that

Page 35

1  question.
2      Q    As part of the search on October 21, 2017, you
3  lied to Mark Treadwell, and told him you got a call that
4  his dogs were being disruptive, right?
5          MR. COOK:  Objection.  Form.  Foundation.
6      A    Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9      Q    You never got a call that Mark Treadwell's
10 dogs were being disruptive, did you?
11     A    Upon the advice of my counsel, I'm asserting
12 my Fifth Amendment right and refuse to answer that
13 question.
14     Q    Did you handcuff Mark Treadwell to a gate on
15 October 21, 2017?
16     A    Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q    Did you lie to Mark Treadwell, and tell him
20 that a neighbor had said he had a bunch of marijuana in
21 his house?
22     A    Upon the advice of my counsel, I'm asserting
23 my Fifth Amendment right and refuse to answer that
24 question.
25     Q    And you're refusing to answer whether you lied

Page 36

1  to Mark Treadwell, and told him that a neighbor said he
2  had a bunch of marijuana in his house because you fear
3  prosecution if you were to answer that question
4  truthfully, correct?
5          MR. COOK:  Objection.  Form and foundation.
6      A    Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9      Q    No neighbor of Mark Treadwell ever told you
10 that he had a bunch of marijuana in his house, did they?
11     A    Upon the advice of my counsel, I'm asserting
12 my Fifth Amendment right and refuse to answer that
13 question.
14     Q    On October 21, 2017, did you handcuff Mark
15 Treadwell inside the 1645 South Harding residence?
16     A    Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q    Okay.  You tried to get Mark Treadwell to give
20 you incriminating information about other people on
21 October 21, 2017, and he refused, correct?
22         MR. COOK:  Objection to form.
23     A    Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Page 37

1      Q    Was Jose Ascensio supposedly the informant for
2  the search of 1645 South Harding?
3          MR. COOK:  Objection.
4          MR. JANSKI:  Andrew, I couldn't hear you.  I'm
5  sorry.
6          MR. COOK:  Oh.  For form and foundation.
7          MR. JANSKI:  All right.  I'll add assumes facts
8  not in evidence.
9      A    Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12 BY MS. KLEINHAUS:
13     Q    Did you use Jose Ascensio as a fake John Doe
14 informant for the search of 1645 South Harding?
15         MR. COOK:  Objection.  Form and foundation.
16     A    Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q    And you're refusing to answer whether Jose
20 Ascensio posed as fake John Doe -- or, I'm sorry --
21 posed as a John Doe informant to obtain the search
22 warrant for 1645 South Harding because you fear
23 prosecution if you were to answer that question
24 truthfully, correct?
25         MR. COOK:  Form and foundation.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

38..41

Page 38

1     A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4     Q   Jose Ascensio had no personal knowledge of any
5  illegal activity at 1645 South Harding, correct?
6          MR. COOK:  Objection.  Foundation.
7     A   Upon the advice of my counsel, I'm asserting
8  my Fifth Amendment right and refuse to answer that
9  question.
10    Q   Who is Jose Ascensio?
11    A   Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14    Q   You went to Curie High School with Jose
15  Ascensio, right?
16    A   Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.
19    Q   Jose Ascensio was a good friend of yours,
20  right?
21    A   Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.
24    Q   Jose Ascensio attended your bachelor party?
25    A   Upon the advice of my counsel, I'm asserting

Page 39

1  my Fifth Amendment right and refuse to answer that
2  question.
3    Q   Judge Araujo attended your bachelor party?
4    A   Upon the advice of my counsel, I'm asserting
5  my Fifth Amendment right and refuse to answer that
6  question.
7    Q   Mr. Ascensio has really distinctive facial
8  features, including distinctly light-colored eyes,
9  right?
10         MR. COOK:  Objection to form.
11    A   Upon the advice -- upon the advice of my
12  counsel, I'm asserting my Fifth Amendment right and
13  refuse to answer that question.
14    Q   Jose Ascensio would frequently go to a bar
15  called Junior's in Berwin, right?
16         MR. COOK:  Foundation.
17    A   Upon the advice of my counsel, I'm asserting
18  my Fifth Amendment right and refuse to answer that
19  question.
20    Q   When you needed a John Doe to bring before a
21  judge to obtain a search warrant, you would go to the
22  bar and get Jose Ascensio, right?
23         MR. COOK:  Objection to form and foundation.
24    A   Upon the advice of my counsel, I'm asserting
25  my Fifth Amendment right and refuse to answer that

Page 40

1  question.
2    Q   And you're refusing to answer whether when you
3  needed a John Doe informant you would go to the bar and
4  pick up Jose Ascensio because you fear prosecution if
5  you were to answer that question truthfully, correct?
6         MR. COOK:  Objection.  Form and foundation.
7    A   Upon the advice of my counsel, I'm asserting
8  my Fifth Amendment right and refuse to answer that
9  question.
10    Q   And you would bring Jose Ascensio before a
11  judge to swear that he was, in fact, a John Doe affiant,
12  right?
13         MR. COOK:  Objection to form.
14    A   Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17    Q   You would help Jose Ascensio pretend to be a
18  John Doe affiant in front of the judge, right?
19         MR. COOK:  Objection.  Form.  Foundation.
20         MR. JANSKI:  I'll add vague.
21    A   Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.
24    Q   And you're refusing to answer whether you
25  would help Jose Ascensio pretend to be a John Doe

Page 41

1  affiant in front of a judge because you fear prosecution
2  if you were to answer that question truthfully, correct?
3         MR. COOK:  Objection.  Form and foundation.
4    A   Upon the advice of my counsel, I'm asserting
5  my Fifth Amendment right and refuse to answer that
6  question.
7    Q   Jose Ascensio never provided you with any
8  information regarding Mark Treadwell, correct?
9    A   Upon the advice of my counsel, I'm asserting
10  my Fifth Amendment right and refuse to answer that
11  question.
12    Q   You brought Jose Ascensio before Judge
13  Elizabeth Hayes as a fake John Doe affiant to obtain a
14  search warrant against Mark Treadwell, correct?
15         MR. COOK:  Objection.  Form.  Foundation.
16    A   Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.
19    Q   And you're refusing to answer whether you
20  brought Jose Ascensio before Judge Elizabeth Hayes as
21  the fake John Doe affiant in a search warrant against
22  Mark Treadwell because answering -- you believe that
23  answering that question truthfully could risk
24  prosecution, correct?
25         MR. COOK:  Same objections.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

42..45

Page 42

1    A   Upon the advice of my counsel, I'm asserting
2 my Fifth Amendment right and refuse to answer that
3 question.
4    Q   You brought Jose Ascensio before Judge
5 Elizabeth Hayes multiple times, correct?
6    A   Upon the advice of my counsel, I'm asserting
7 my Fifth Amendment right and refuse to answer that
8 question.
9    Q   You also used Jose Ascensio as the fake John
10 Doe for a warrant at 16th and Kostner, right?
11    MR. COOK:  What was the address, Tess?  I'm
12 sorry.
13    MS. KLEINHAUS:  I'm sorry, 16th and Kostner.
14    MR. COOK:  Objection to form and foundation.
15    A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18 BY MS. KLEINHAUS:
19    Q   You relied on Jose Ascensio more than once to
20 act as a fake John Doe informant, correct?
21    MR. COOK:  Same objections.
22    A   Upon the advice of my counsel, I'm asserting
23 my Fifth Amendment right and refuse to answer that
24 question.
25    Q   And you're refusing to answer whether you used

Page 43

1 Jose Ascensio on more than one occasion as a fake John
2 Doe informant because you fear prosecution if you were
3 to answer that question truthfully, correct?
4    MR. COOK:  Form and foundation.
5    A   Upon the advice of my counsel, I'm asserting
6 my Fifth Amendment right and refuse to answer that
7 question.
8    Q   You never read Miranda warnings to Mark
9 Treadwell, on October 21, 2017, correct?
10    MR. COOK:  Objection to form.
11    A   Upon the advice of my counsel, I'm asserting
12 my Fifth Amendment right and refuse to answer that
13 question.
14    Q   Your police report for the arrest of Mark
15 Treadwell falsely states that you read Mark Treadwell
16 Miranda warnings, right?
17    MR. COOK:  Objection to form.
18    A   Upon the advice of my counsel, I'm asserting
19 my Fifth Amendment right and refuse to answer that
20 question.
21    Q   Mark never said, "You know, Officer, how this
22 hood is.  I have guns for my protection, and I get the
23 pills from my cousin for cheap.  I sell them because I
24 have to make money to eat.  I forgot that the vest and
25 bullets were up there," correct?

Page 44

1    MR. COOK:  Objection.  Form.
2    A   Upon the advice of my counsel, I'm asserting
3 my Fifth Amendment right and refuse to answer that
4 question.
5    Q   Your police report falsely states that
6 Treadwell said, "You know, Officer, how this hood is.  I
7 have guns for my protection, and I get the pills from my
8 cousin for cheap.  I sell them because I have to make
9 money to eat.  I forgot that the vest and bullets were
10 up there," doesn't it?
11    MR. COOK:  Objection.  Foundation.
12    A   Upon the advice of my counsel --
13    MR. JANSKI:  Objection.
14    A   Upon the advice of my counsel, I'm asserting
15 my Fifth Amendment right and refuse to answer that
16 question.
17    Q   And you're refusing to answer whether your
18 police report contains that statement because you fear
19 prosecution if you were to answer that question
20 truthfully, correct?
21    MR. COOK:  Form and foundation.
22    A   Upon the advice of my counsel, I'm asserting
23 my Fifth Amendment right and refuse to answer that
24 question.
25    Q   And you fabricated that statement from Mark,

Page 45

1 "You know, Officer, how this hood is.  I have guns for
2 my protection, and I get the pills from my cousin for
3 cheap.  I sell them because I have to make money to eat.
4 I forgot that the vest and bullets were up there,"
5 because you knew you needed evidence to connect Mark to
6 guns and drugs in the house in order to charge him with
7 a crime, right?
8    MR. COOK:  Objection to form and foundation.
9    A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12    Q   You included a false statement that you
13 attributed to Mark in your police report so that you
14 could charge him with a crime, correct?
15    MR. COOK:  Same objections.
16    A   Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19 BY MS. KLEINHAUS:
20    Q   And you're refusing to answer whether you
21 included a false statement, which you attributed to
22 Mark, in your police report in order to charge him with
23 a crime because you believe if you answered that
24 question truthfully, you would be subject to
25 prosecution, right?

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

46..49

Page 46

1     MR. COOK: Objection to form and foundation.
2     A    Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.
5     Q    You and Xavier Elizondo went into 1645 South
6  Harding in advance of the rest of the tactical team,
7  correct?
8     MR. JANSKI: Object to form and foundation.
9  Vague.
10    A    Upon the advice of my counsel, I'm asserting
11 my Fifth Amendment right and refuse to answer that
12 question.
13    Q    The two of you went into 1645 South Harding
14 without the rest of the tactical team, right?
15    MR. COOK: Objection to --
16    MR. JANSKI: Same objections.
17    A    Upon the advice of my counsel, I'm asserting
18 my Fifth Amendment right and refuse to answer that
19 question.
20    Q    How long were you and Xavier Elizondo in 1645
21 South Harding before other police officers entered the
22 residence?
23    MR. COOK: Objection to foundation.
24    A    Upon the advice of my counsel, I'm asserting
25 my Fifth Amendment right and refuse to answer that

Page 47

1  question.
2     Q    Going into 1645 South Harding without -- or,
3  strike that, please. When you and Xavier Elizondo went
4  into 1645 South Harding without your other team members,
5  doing so was contrary to CPD policy, correct?
6     MR. COOK: Objection. Form.
7     A    Upon the advice of my counsel, I'm asserting
8  my Fifth Amendment right and refuse to answer that
9  question.
10    Q    (Inaudible) no legitimate police reason for
11 you and Elizondo to go into 1645 South Harding without
12 the other members of your tactical team, right?
13    MR. COOK: Object to form.
14    A    Upon the advice --
15    MR. JANSKI: Foundation.
16    A    Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19    Q    You and Elizondo went into 1645 South Harding
20 ahead of the other members of the tactical team in order
21 to move objects around in the house, and make it appear
22 that things were found in places that they weren't
23 originally, right?
24    MR. COOK: Objection to form and foundation.
25    A    Upon the advice of my counsel, I'm asserting

Page 48

1  my Fifth Amendment right and refuse to answer that
2  question.
3     Q    And you're refusing to answer whether you and
4  Xavier Elizondo went into the house ahead of the other
5  members of the team in order to move objects around, and
6  make it appear things were found in places that they
7  weren't originally because you fear prosecution if you
8  were to answer that question truthfully, correct?
9     MR. COOK: Form and foundation.
10    A    Upon the advice of my counsel, I'm asserting
11 my Fifth Amendment right and refuse to answer that
12 question.
13    Q    You manipulated objects inside of 1645 South
14 Harding as part of your efforts to frame Mr. Treadwell,
15 correct?
16    MR. COOK: Objection. Form and foundation.
17    A    Upon the advice of my counsel, I'm asserting
18 my Fifth Amendment right and refuse to answer that
19 question.
20    Q    And you're refusing to answer whether you
21 manipulated the objects in 1645 South Harding as part of
22 your efforts to frame Mr. Treadwell because you believe
23 if you answered that question truthfully, you would be
24 subject to prosecution, correct?
25    MR. COOK: Same objection.

Page 49

1     A    Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4     Q    Before you executed the search warrant at 1645
5  South Harding, you had no legitimate, reliable
6  information to suggest Mr. Treadwell was involved in any
7  illegal activity, correct?
8     MR. COOK: Objection to form.
9     A    Upon --
10    MR. JANSKI: I'll add foundation. Vague.
11    A    Upon the advice of my counsel, I'm asserting
12 my Fifth Amendment right and refuse to answer that
13 question.
14    Q    You're refusing to answer whether you had any
15 legitimate, reliable information to suggest Mr.
16 Treadwell was involved in illegal activity before you
17 executed a search warrant at 1645 South Harding because
18 you fear prosecution if you were to answer that question
19 truthfully, correct?
20    MR. COOK: Objection to form and foundation.
21    A    Upon the advice of my counsel, I'm asserting
22 my Fifth Amendment right and refuse to answer that
23 question.
24    Q    The only information that you had implicating
25 Mr. Treadwell before you executed the search warrant was

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

50..53

Page 50

1  information that you and Elizondo had fabricated in
2  order to get the search warrant, right?
3        MR. COOK:  Objection to form.  Foundation.
4     A   Upon the advice of my counsel, I'm asserting
5  my Fifth Amendment right and refuse to answer that
6  question.
7     Q   And as you sit here today, you have no
8  information to suggest Mr. Treadwell was involved in any
9  illegal activity on October 21, 2017?
10       MR. COOK:  Objection to form.
11       MR. JANSKI:  I'll add vague.
12    A   Upon the -- upon the advice of my counsel, I'm
13 asserting my Fifth Amendment right and refuse to answer
14 that question.
15    Q   And you're refusing to answer whether you have
16 any information today to suggest that Mr. Treadwell was
17 involved in any illegal activity on October 21, 2017,
18 because you fear prosecution if you were to answer that
19 question truthfully, correct?
20       MR. COOK:  Objection.  Form and foundation.
21    A   Upon the advice of my counsel, I'm asserting
22 my Fifth Amendment right and refuse to answer that
23 question.
24    Q   Was there a chain link fence in front of
25 Treadwell's house on October 21, 2017?

Page 51

1     A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4     Q   There was no chain link fence in front of
5  Treadwell's house on October 21, 2017, correct?
6     A   Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9     Q   In connection with the search executed at 1645
10 South Harding you sent Antwan Davis [sic] photos of Mark
11 Treadwell correct?
12       MR. COOK:  Objection to form.
13    A   Upon the advice of my counsel, I'm asserting
14 my Fifth Amendment right and refuse to answer that
15 question.
16    Q   Sir, you never received any reliable
17 information suggesting that Mark Treadwell was selling
18 drugs in October 2017, correct?
19       MR. COOK:  Objection to form.
20    A   Upon the advice of my counsel, I'm asserting
21 my Fifth Amendment right and refuse to answer that
22 question.
23    Q   You're refusing to answer whether you ever
24 received any reliable information suggesting Mark
25 Treadwell was selling drugs in October 2017 because you

Page 52

1  fear prosecution if you were to answer that question
2  truthfully, correct?
3        MR. COOK:  Form and foundation.
4     A   Upon the advice of my counsel, I'm asserting
5  my Fifth Amendment right and refuse to answer that
6  question.
7     Q   No one on your team ever received any reliable
8  information suggesting Mark Treadwell was selling drugs
9  in October 2017, correct?
10       MR. COOK:  Same objection.
11    A   Upon the advice of my coun --
12       MR. JANSKI:  Speculation.
13    A   Upon the advice of my counsel, I'm asserting
14 my Fifth Amendment right and refuse to answer that
15 question.
16    Q   There is no reason, in a legitimate police
17 investigation, to lie to a judge in order to obtain a
18 search warrant, right?
19       MR. COOK:  Objection to form.
20       MR. JANSKI:  I'll add foundation.
21    A   Upon the advice of my counsel, I'm asserting
22 my Fifth Amendment right and refuse to answer that
23 question.
24    Q   The information presented to the judge to
25 obtain the warrant for the search of 1645 South Harding

Page 53

1  was false, right?
2        MR. COOK:  Objection -- strike that.
3     A   Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6     Q   And you're refusing to answer whether the
7  information presented to the judge to obtain the warrant
8  for 1645 South Harding was false because you fear that
9  if you answered it truthfully, you would be subject to
10 prosecution, right?
11       MR. COOK:  Form and foundation.
12    A   Upon the advice of my counsel, I'm asserting
13 my Fifth Amendment right and refuse to answer that
14 question.
15    Q   You knew that the information presented to the
16 judge to obtain the search warrant for 1645 South
17 Harding was false, correct?
18       MR. COOK:  Objection.  Foundation.
19    A   Upon the advice of my counsel, I'm asserting
20 my Fifth Amendment right and refuse to answer that
21 question.
22    Q   Xavier Elizondo knew that the information
23 presented to the judge to obtain the warrant for 1645
24 South Harding was false, correct?
25       MR. COOK:  Objection to foundation.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

Kentuckiana
COURT REPORTERS

The Deposition of DAVID SALGADO, taken on September 29, 2021

54..57

**Page 54**

1     A   Upon the advice of my counsel, I'm asserting

2 my Fifth Amendment right and refuse to answer that

3 question.

4     Q   The information presented to the judge in

5 order obtain the warrant for the search at 1645 South

6 Harding did not actually come from J. Doe, correct?

7     A   Upon -- upon the advice of my counsel, I'm

8 asserting my Fifth Amendment right and refuse to answer

9 that question.

10     Q   Mark Treadwell went to Cook County Jail

11 because you presented false information to the judge,

12 right?

13     MR. COOK: Objection. Foundation and form.

14     A   Upon the advice of my counsel, I'm asserting

15 the Fifth Amendment right and refuse to answer that

16 question.

17     Q   And you're refusing to answer whether Mark

18 Treadwell went to Cook County Jail because you presented

19 false information to the judge because you fear if you

20 were to answer that question truthfully, you would be

21 subject to prosecution, right?

22     MR. COOK: Same objections.

23     A   Upon the advice of my counsel, I'm asserting

24 -- asserting my Fifth Amendment right and refuse to

25 answer that question.

**Page 55**

1     Q   You knew there was no legitimate justification

2 for arresting Mark Treadwell, right?

3     MR. COOK: Same objection.

4     A   Upon the advice of my counsel, I'm asserting

5 my Fifth Amendment right and refuse to answer that

6 question.

7     Q   You acted maliciously when you arrested Mark

8 Treadwell, correct?

9     MR. COOK: Same objections.

10     A   Upon the advice of my counsel, I'm asserting

11 my Fifth Amendment right and refuse to answer that

12 question.

13     Q   And you let Mark Treadwell sit in jail for

14 months knowing that there was no legitimate reason for

15 his arrest, correct?

16     MR. COOK: Objection to form.

17     A   Upon the advice of my counsel, I'm asserting

18 my Fifth Amendment right and refuse to answer that

19 question.

20     Q   You've never taken any responsibility for any

21 of the suffering you caused Mark Treadwell, right.

22     MR. JANSKI: Objection. Vague. Argumentative.

23     MR. COOK: Join.

24     A   Upon the advice of my counsel, I'm asserting

25 my Fifth Amendment right and refuse to answer that

**Page 56**

1 question.

2     Q   And you've never taken responsibility for the

3 suffering that you caused anyone else you've framed,

4 right?

5     MR. JANSKI: Same objections.

6     A   Upon the advice of my counsel, I'm asserting

7 my Fifth Amendment right and refuse to answer that

8 question.

9     Q   You've never taken responsibility for any of

10 the suffering you caused the family members of the

11 people you've framed, right?

12     MR. JANSKI: Same objections

13     A   Upon the advice of my counsel, I'm asserting

14 my Fifth Amendment right and refuse to answer that

15 question.

16     Q   Did you take pictures of 1645 South Harding as

17 part of the search?

18     A   Upon the advice of my counsel, I'm asserting

19 my Fifth Amendment right and refuse to answer that

20 question.

21     Q   And you're refusing to answer whether you took

22 pictures at 1645 South Harding as part of the execution

23 of the search warrant because you fear if you were to

24 answer that question truthfully, you would be subject to

25 prosecution, correct?

**Page 57**

1     MR. COOK: Objection to form and foundation.

2     A   Upon the advice of my counsel, I'm asserting

3 my Fifth Amendment right and refuse to answer that

4 question.

5     Q   Who took pictures at 1645 South Harding as

6 part of the execution of the search warrant?

7     A   Upon the advice of my counsel, I'm asserting

8 my Fifth Amendment right and refuse to answer that

9 question.

10     Q   Did you take the photos before or after

11 officers searched the residence?

12     A   Upon the advice of my counsel, I'm asserting

13 my Fifth Amendment right and refuse to answer that

14 question.

15     Q   Were the pictures taken before or after the

16 officers searched the residence?

17     A   Upon the advice of my counsel, I'm asserting

18 my Fifth Amendment right and refuse to answer that

19 question.

20     Q   And you're refusing to answer whether the

21 pictures were taken before or after the officers

22 searched the residents because you believe if you answer

23 that question truthfully, you could be subject to

24 prosecution, correct?

25     MR. COOK: Objection to --

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

58..61

Page 58

1      A    Upon the --
2         MR. COOK:  -- form and foundation.
3      A    Upon the advice of my counsel, I'm asserting
4   my Fifth Amendment right and refuse to answer that
5   question.
6      Q    Did you take pictures of where the objects
7   actually were, or where you had moved them?
8         MR. COOK:  Objection. Form and foundation.
9      A    Upon the advice of my counsel, I'm asserting
10  my Fifth Amendment right and refuse to answer that
11  question.
12     Q    Did officers take pictures of where the
13  objects actually were, or where you and Elizondo had
14  moved them?
15        MR. COOK:  Objection to foundation.
16     A    Upon the advice of my counsel, I'm asserting
17  my Fifth Amendment right and refuse to answer that
18  question.
19        MS. KLEINHAUS:  Okay. I'd like to go off the
20     record, just take a five-minute break. And I'm
21     going to e-mail you-all the -- any exhibits I might
22     use, okay?
23        MR. COOK:  Okay.
24        MR. JANSKI:  Okay.
25        COURT REPORTER:  We are going off the record.

Page 59

1      The time is 11:55 Eastern Standard Time.
2         (OFF THE RECORD)
3         COURT REPORTER:  We are back on the record. The
4      time is 12:05 Eastern Standard Time.
5   BY MS. KLEINHAUS:
6      Q    Okay, sir. I'm going to show you what we'll
7   mark as Exhibit 1. It's Mr. Treadwell's arrest report.
8   Just give me one second to do that, and then let me know
9   when you can see it on the screen, okay? Okay. Are you
10  able to see that, sir?
11     A    Yes.
12     Q    Okay. And for our record, I'll note that this
13  is an exhibit marked -- it's a five-page exhibit
14  starting at City 6. Sir, please take a minute to review
15  this exhibit, and just let me know when I can scroll
16  down, okay?
17        (EXHIBIT 1 MARKED FOR IDENTIFICATION)
18     A    You can scroll down. Scroll down. Scroll
19  down. Scroll down.
20     Q    Hang on. I'm going try to get the whole
21  narrative in there at once if I can. Okay.
22     A    Scroll down. Scroll down. Scroll down.
23  Scroll down. Scroll down. Scroll down. Scroll down.
24  Okay.
25     Q    All right. You've had a chance to review this

Page 60

1   document, correct?
2      A    Yes.
3      Q    Okay. I'm directing your attention to a
4   portion right here that's got the heading, "Attesting
5   Officer." Do you see that part?
6      A    Yes.
7      Q    Okay. It reads, "I hereby declare and affirm,
8   under penalty of perjury, that the facts stated herein
9   are accurate to the best of my knowledge, information
10  and/or belief," correct?
11     A    Yes.
12     Q    And you are listed as the attesting officer,
13  correct?
14     A    Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17     Q    You're refusing to answer whether you're
18  listed as the attesting officer in Mark Treadwell's
19  arrest report because you believe answering that
20  question truthfully could subject you to prosecution,
21  correct?
22     A    Upon the advice of my counsel, I'm asserting
23  my Fifth Amendment right and refuse to answer that
24  question.
25     Q    This asses -- excuse me. This attestation

Page 61

1   here with your name and your star number that you made
2   --
3         MR. JANSKI:  Tess --
4         MS. KLEINHAUS:  -- under penalty -- I'm sorry?
5         MR. JANSKI:  I do apologize. I believe Andrew
6      was muted, and when I tried to point that out, I had
7      found out that I was also muted --
8         MR. COOK:  Yeah, --
9         MR. JANSKI:  -- to the last notion.
10        MR. COOK:  That's accurate. I -- so, I just
11     would like to put an objection to form and
12     foundation on your last question. I apologize,
13     Tess.
14        MS. KLEINHAUS:  No problem. I'm sorry. You
15     guys are super tiny right now while I'm sharing, so
16     if you're, like --
17        MR. JANSKI:  I'm trying to --
18        MS. KLEINHAUS:  I didn't see you.
19        MR. JANSKI:  -- know. It's okay. Sorry.
20        MS. KLEINHAUS:  All right.
21        MR. JANSKI:  Yeah.
22        MS. KLEINHAUS:  Okay.
23        MR. JANSKI:  We got --
24  BY MS. KLEINHAUS:
25     Q    Sir, you're refusing to answer the question as

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

Kentuckiana
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

62..65

Page 62

1 to whether you were the attesting officer who declared
2 the facts stated be accurate under penalty of perjury
3 because you fear prosecution if you were to answer that
4 question truthfully?
5         MR. COOK:  Objection to form and foundation.
6     A   Upon the advice of my counsel, I'm asserting
7 my Fifth Amendment right and refuse to answer that
8 question.
9     Q   When you signed as the attesting officer, you
10 knew that the information contained in this arrest
11 report was false, correct?
12        MR. COOK:  Same objections.
13    A   Upon the advice of my counsel, I'm asserting
14 my Fifth Amendment right and refuse to answer that
15 question.
16    Q   Okay. sir.  I'm directing you now to the
17 narrative portion of this report.  The statement
18 attributed to Mark Treadwell in this report, is
19 (inaudible) correct?
20    A   Upon the advice of my counsel, I'm asserting
21 my Fifth Amendment right and refuse to answer that
22 question.
23    Q   Mark Treadwell never made the statements
24 attributed to him in this arrest report, correct?
25    A   Upon the advice of my counsel, I'm asserting

Page 63

1 my Fifth Amendment right and refuse to answer that
2 question.
3     Q   And you're refusing to answer whether or not
4 Mark Treadwell made the statements attributed to him in
5 this arrest report because you fear prosecution if you
6 were to answer that question truthfully, correct?
7         MR. COOK:  Objection to form and foundation.
8     A   Upon the advice of my counsel, I'm asserting
9 my Fifth Amendment right and refuse to answer that
10 question.
11    Q   And the objects were not found in the
12 locations you claimed that they were found in this
13 arrest report, correct?
14        MR. COOK:  Objection to foundation.
15    A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18    Q   And you're refusing to answer whether the
19 objects listed in the narrative section were found where
20 you claimed they were found because you fear prosecution
21 if you were to answer that question truthfully, correct?
22        MR. COOK:  Objection. Form and foundation.
23    A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Page 64

1     Q   Sir, you're listed here as the first arresting
2 officer, correct?
3     A   Upon the advice of my counsel, I'm asserting
4 my Fifth Amendment right and refuse to answer that
5 question.
6     Q   And being listed as a first arresting officer
7 on a CPD report means you are the officer with firsthand
8 knowledge of the contents of the report, right?
9     A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12    Q   And being the first arresting officer on a CPD
13 report means you're the officer that the State will
14 likely call to testify in court, right?
15        MR. COOK:  Objection to foundation.
16    A   Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19    Q   And you knew that listing yourself as the
20 first arresting officer on this report would mean that
21 you would likely be the officer called by the State to
22 testify in court?
23    A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Page 65

1     Q   You presented this arrest report to your
2 superiors at CPD for approval of probable cause, knowing
3 full well that this report is full of lies, right?
4         MR. COOK:  Objection to form.
5     A   Upon the advice of my counsel, I'm asserting
6 my Fifth Amendment right and refuse to answer that
7 question.
8     Q   Okay.  Taking Exhibit 1 off the screen.  Give
9 me one second, and I'll share what we'll mark as
10 Exhibit 2.
11        COURT REPORTER:  And I'm sorry, counsel, the
12    previous exhibit had been marked as Exhibit 6
13    previously.  Did you still want to keep that Exhibit
14    6, or Exhibit 1?
15        MS. KLEINHAUS:  Let's just do Exhibit 1 for
16    clarity.  Thank you for checking.
17        COURT REPORTER:  Thank you, ma'am.
18 BY MS. KLEINHAUS:
19    Q   There.  Are you able to see this original case
20 incident report, sir?
21    A   Yes.
22    Q   Okay.  I'm going to scroll down so you can
23 review it, but first let me just give the Bates number
24 to counsel.
25        MS. KLEINHAUS:  So this is the five-page

Kentuckinna Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0149 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

66..69

Page 66

1    exhibit that begins at City 55.
2        Q    Okay, sir.  So same routine as before.  Let me
3    know when I can scroll down, okay?
4        (EXHIBIT 2 MARKED FOR IDENTIFICATION)
5        A    You can scroll down.  You can scroll down.
6    You can scroll down.  Scroll down.  Scroll down.  Scroll
7    down.  Scroll down.  Scroll down.  Scroll down.  Scroll
8    down.  Scroll down.  Scroll down.
9        Q    Okay, sir.  Have you had a chance to review
10   Exhibit 2?
11       A    Yes.
12       Q    And you are the reporting officer for
13   Exhibit 2, correct?
14       A    Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17       Q    And this report also contains false
18   statements, correct?
19       MR. COOK:  Objection.  Form.
20       A    Upon the advice of my counsel, I'm asserting
21   my Fifth Amendment right and refuse to answer that
22   question.
23       Q    And you're refusing to answer whether this
24   report, where you're listed as the reporting officer,
25   contains false information because you fear prosecution

Page 67

1    if you were to answer that question truthfully, correct?
2        MR. COOK:  Objection --
3        A    Upon the -- upon the advice of my counsel, I'm
4    asserting my Fifth Amendment right and refuse to answer
5    that question.
6        Q    This report contains false statements
7    attributed to Mark Treadwell, correct?
8        MR. COOK:  Same objections.
9        MR. JANSKI:  I'll add vague.
10       A    Upon the advice of my counsel, I'm asserting
11   my Fifth Amendment right and refuse to answer that
12   question.
13       Q    And this report contains false statements
14   about where objects were found in 1645 South Harding,
15   correct?
16       MR. COOK:  Same objections.
17       A    Upon the advice of my counsel, I'm asserting
18   my Fifth Amendment right and refuse to answer that
19   question.
20       Q    I'm taking Exhibit 2 off the screen.  Going to
21   show you what we'll mark as Exhibit 3.  Sir, this is a
22   complaint for search warrant.  Can you see it okay?
23       (EXHIBIT 3 MARKED FOR IDENTIFICATION)
24       A    Yes.
25       MS. KLEINHAUS:  Okay.  And, counsel, this is a

Page 68

1    two-page document, Bates stamp City 79 and 80.
2        Q    Sir, I'd like you to review this document, let
3    me know when I can scroll down.
4        MR. JANSKI:  Counsel, is there any way for you
5    to --
6        A    Scroll down.
7        MR. JANSKI:  -- blow it up a little bit?
8        MS. KLEINHAUS:  Sure.  Let me see.  I think I'm
9    just going to -- give me one second.  I might have
10   to un-share it.
11       MR. JANSKI:  It -- the -- possibly that little
12   plus sign there might work --
13       MS. KLEINHAUS:  Yeah.  I just couldn't get to
14   it because of the Webex configuration.
15       MR. JANSKI:  Got you.
16       MS. KLEINHAUS:  Okay.  Is that better?
17       MR. JANSKI:  Much better.  Thank you.
18       MS. KLEINHAUS:  Okay.
19   BY MS. KLEINHAUS:
20       Q    Sir, let me know when I can scroll down.
21       A    You can scroll down.  Scroll down.  Scroll
22   down.  Scroll down.
23       Q    Sir, you've had a chance to review Exhibit 3,
24   correct?
25       A    That is correct.

Page 69

1        Q    And you are the affiant for the complaint for
2    search warrant for the search of 1645 South Harding,
3    correct?
4        A    Upon the advice of my counsel, I'm asserting
5    my Fifth Amendment right and refuse to answer that
6    question.
7        Q    And you're refusing to answer whether you were
8    the affiant for the complaint for search warrant for
9    1645 South Harding because you fear prosecution if you
10   were to answer that question truthfully, right?
11       MR. COOK:  Objection.  Form and --
12       A    Upon the advice --
13       MR. COOK:  -- foundation.
14       A    Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17       Q    And you signed this complaint in several
18   places, correct?
19       A    Upon the advice of my counsel, I'm asserting
20   my Fifth Amendment right and refuse to answer that
21   question.
22       Q    And you included your star number next to your
23   signature, 16347, correct?
24       A    Upon the advice of my counsel, I'm asserting
25   my Fifth Amendment right and refuse to answer that

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

70..73

**Page 70**

1  question.

2      Q    And the information you attribute to J. Doe in
3  this complaint for search warrant is false, isn't it?

4          MR. COOK:  Objection.  Foundation.

5      A    Upon the advice of my counsel, I'm asserting
6  my Fifth Amendment right and refuse to answer that
7  question.

8      Q    And you knew that the information contained in
9  this complaint for search warrant was false when you
10  submitted it to the judge, right?

11         MR. COOK:  Same objection.

12     A    Upon the advice of my counsel, I'm asserting
13  my Fifth Amendment right and refuse to answer that
14  question.

15     Q    And you're refusing to answer whether you knew
16  that the information contained in this complaint for a
17  search warrant was false when you submitted it to the
18  judge because you fear prosecution if you were to answer
19  that question truthfully, correct?

20         MR. COOK:  Form and foundation.

21     A    Upon -- upon the advice of my counsel, I'm
22  asserting my Fifth Amendment right and refuse to answer
23  that question.

24     Q    This complaint describes a conversation
25  between J. Doe and Mark Treadwell, right?

**Page 71**

1      A    Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.

4      Q    And that conversation never occurred, correct?

5      A    Upon the advice of my counsel, I'm asserting
6  my Fifth Amendment right and refuse to answer that
7  question.

8      Q    And you knew, when you signed this complaint
9  for a search warrant, that that conversation had never
10  occurred, right?

11         MR. COOK:  Objection.  Foundation.

12     A    Up -- upon the advice of my counsel, I'm
13  asserting my Fifth Amendment right and refuse to answer
14  that question.

15     Q    And you knew when you signed the complaint
16  that -- I'm sorry, strike that.  The complaint indicates
17  that you drove in front of 1645 South Harding with J.
18  Doe, correct?

19     A    Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.

22     Q    And it was false that you drove in front of
23  1645 South Harding with J. Doe, wasn't it?

24     A    Upon the advice of my counsel, I'm asserting
25  my Fifth Amendment right and refuse to answer that

**Page 72**

1  question.

2      Q    You knew that this complaint was full of lies,
3  and you still signed it, right?

4          MR. COOK:  Objection to form.

5      A    Upon the advice -- upon the advice of my
6  counsel, I'm asserting my Fifth Amendment right and
7  refuse to answer that question.

8      Q    And you still presented it to a judge knowing
9  full well that it was full of lies, right?

10         MR. COOK:  Same objection.

11     A    Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.

14     Q    And you used the search warrant that you got
15  with your complaint to get into the Treadwell home when
16  you had no legal right to be there, right?

17         MR. COOK:  Objection.  Form.  Foundation.

18     A    Upon the advice of my counsel, I'm asserting
19  my Fifth Amendment right and refuse to answer that
20  question.

21     Q    You knew that you had no legal right, or no
22  legal justification to be in the Treadwell 1645 South
23  Harding home, correct?

24         MR. COOK:  Objection.  Form.

25     A    Upon the advice of my counsel, I'm asserting

**Page 73**

1  my Fifth Amendment right and refuse to answer that
2  question.

3      Q    And you're refusing to answer whether you knew
4  that you had no legal justification to be in 1645 South
5  Harding because you fear prosecution if you were to
6  answer that question truthfully, right?

7          MR. COOK:  Form and foundation.

8      A    Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.

11     Q    I'm going to take Exhibit 3 off the screen
12  now.  Sir, you are no longer a member of the Chicago
13  Police Department, right?

14     A    Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.

17     Q    Who is Sharron Rocquemore?

18     A    Upon the advice of my counsel, I'm asserting
19  my Fifth Amendment right and refuse to answer that
20  question.

21     Q    Did you receive information from Latonia
22  Gibson that led you to seek a warrant for Sharron
23  Rocquemore's residence on May 19, 2017?

24         MR. JANSKI:  Objection.  Foundation.

25     A    Up --

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

74..77

Page 74

1     MR. JANSKI: Form. Assumes facts not in
2  evidence.
3     A   Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6     Q   You didn't receive any information related to
7  Ms. Rocquemore from anyone other than Ms. Gibson, right?
8     A   Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10  question.
11    Q   And you're -- excuse me. You're refusing to
12  answer whether you received information from anyone
13  other than Ms. Gibson related to Ms. Rocquemore because
14  you fear prosecution if you were to answer that question
15  truthfully, right?
16     MR. COOK: Objection. Form and foundation.
17    A   Upon the advice of my counsel, I'm asserting
18  my Fifth Amendment right and refuse to answer that
19  question.
20    Q   You had an agreement with Ms. Gibson that you
21  would pay her for information, right?
22     MR. COOK: Objection. Foundation.
23    A   Upon the advice of my counsel, I'm asserting
24  my Fifth Amendment right and refuse to answer that
25  question.

Page 75

1     Q   And you knew that Ms. Gibson sometimes
2  provided false information in order to frame people for
3  crimes they did not commit, right?
4     MR. COOK: Objection to form and foundation.
5     MR. JANSKI: I'll add vague.
6    A   Upon the advice of my counsel, I'm asserting
7  my Fifth Amendment right and refuse to answer that
8  question.
9     Q   Did you use a fake informant to obtain a
10  warrant for Ms. Rocquemore's residence?
11     MR. COOK: Objection. Form.
12    A   Upon the advice of my counsel, I'm asserting
13  my Fifth Amendment right and refuse to answer that
14  question.
15    Q   Sir, you're refusing to answer whether you
16  used a fake informant to obtain a warrant for Ms.
17  Rocquemore's residence because you fear prosecution if
18  you were to answer that question truthfully, correct?
19     MR. COOK: Objection. Form and foundation.
20    A   Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.
23    Q   You relied on someone other than Ms. Gibson
24  when you went before a judge to obtain a warrant for the
25  Rocquemore residence, right?

Page 76

1     MR. COOK: Objection. Foundation.
2    A   Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.
5    Q   You told someone other than Gibson to make
6  statements to a judge, but those statements actually
7  came from Gibson, right?
8     MR. COOK: Objection. Foundation.
9    A   Upon the advice of my counsel, I'm asserting
10  my Fifth Amendment right and refuse to answer that
11  question.
12    Q   You took an informant to Judge Hayes on May
13  19, 2017, and presented false information in order to
14  obtain a search warrant, right?
15     MR. COOK: Objection. Form and then
16  foundation.
17    A   Upon the advice of my counsel, I'm asserting
18  my Fifth Amendment right and refuse to answer that
19  question.
20    Q   You're refusing to answer whether you took an
21  informant in front of Judge Hayes on May 19, 2017, and
22  presented false information in order to obtain a search
23  warrant because you believe you risk prosecution if you
24  were to answer that question truthfully, right?
25     MR. COOK: Objection. Form. Foundation.

Page 77

1    A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4    Q   Did you tell anyone that the information that
5  you presented to the judge on May 19, 2017 was false?
6     MR. COOK: Same objection.
7     MR. JANSKI: I'll add vague.
8    A   Up -- upon the advice of my counsel, I'm
9  asserting my Fifth Amendment right and refuse to answer
10  that question.
11    Q   Did Ms. Gibson later demand money for the
12  information she provided related to Ms. Rocquemore?
13     MR. COOK: Objection. Foundation.
14    A   Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17    Q   Were you present for the search of Ms.
18  Rocquemore's residence on May 19, 2017?
19    A   Upon the --
20     MR. JANSKI: Hey, Tess, can you repeat the
21  question? It kind of cut out a little bit.
22     MS. KLEINHAUS: Sure.
23  BY MS. KLEINHAUS:
24    Q   Were you present during the search of the
25  Rocquemore resident on May 19, 2017?

Kentuckinna Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

78..81

Page 78

1    A   Upon the advice of my counsel, I'm asserting
2    my Fifth Amendment right and refuse to answer that
3    question.
4        Q   Did you fabricate the narrative that officers
5    recovered 32 grams of PCP from Rocquemore's residence?
6        A   Upon the advice of my counsel, I'm asserting
7    my Fifth Amendment right and refuse to answer that
8    question.
9        Q   Are you refusing to answer whether you
10   fabricated the narratives that officers recovered 32
11   grams of PCP from Rocquemore's residence because you
12   fear prosecution if you were to answer that question?
13       MR. COOK:   Objection.  Form and foundation.
14       A   Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17       Q   Did you and other officers fabricate the
18   narrative that officers recovered 32 grams of PCP from
19   Rocquemore's residence?
20       MR. COOK:   Objection.  Foundation.
21       MR. JANSKI:   I'll add form, as well as
22   speculation.
23       A   Upon the advice of my counsel, I'm asserting
24   my Fifth Amendment right and refuse to answer that
25   question.

Page 79

1    BY MS. KLEINHAUS:
2        Q   Did you fabricate the narrative that those
3    recovered 200 -- excuse me -- 218 grams of cannabis from
4    Rocquemore's residence?
5        MR. COOK:   Same objection.
6        A   Upon the advice of my counsel, I'm asserting
7    my Fifth Amendment right and refuse to answer that
8    question.
9        Q   Did you and other officers fabricate the
10   narrative that officers recovered 218 grams of cannabis
11   from the Rocquemore residence?
12       MR. COOK:   Same objections.
13       A   Upon -- upon the advice of my counsel, I'm
14   asserting my Fifth Amendment right and refuse to answer
15   that question.
16       Q   Did you fabricate the narrative that officers
17   recovered four pills of ecstasy from the Rocquemore
18   residence?
19       MR. COOK:   Same objections.
20       A   Upon the advice of my counsel, I'm asserting
21   my Fifth Amendment right and refuse to answer that
22   question.
23       Q   And you're refusing to answer whether you
24   fabricated the narrative that officers recovered four
25   pills of ecstasy from the Rocquemore residence because

Page 80

1    you believe you risk prosecution if you were to answer
2    that question truthfully, correct?
3        MR. COOK:   Objection to form and foundation.
4        A   Upon the advice of my counsel, I'm asserting
5    my Fifth Amendment right and refuse to answer that
6    question.
7        Q   Did you and other officers fabricate the
8    narrative that officers recovered four pills of ecstasy
9    from the Rocquemore residence?
10       MR. COOK:   Objection.  Foundation.
11       A   Upon the advice of my counsel, I'm asserting
12   my Fifth Amendment right and refuse to answer that
13   question.
14       Q   Did you fabricate the narrative that officers
15   recovered a firearm from the Rocquemore residence?
16       MR. COOK:   Objection.  Foundation.
17       A   Upon the advice of my coun -- my counsel, I'm
18   asserting my Fifth Amendment right and refuse to answer
19   that question.
20       Q   And you're refusing to answer whether you
21   fabricated the narrative that a firearm was discovered
22   at the Rocquemore residence because you believe you risk
23   prosecution if you were to answer that question
24   truthfully, correct?
25       MR. COOK:   Objection to form and foundation.

Page 81

1        A   Upon the advice of my counsel, I'm asserting
2    my Fifth Amendment right and refuse to answer that
3    question.
4        Q   Did you and other officers fabricate the
5    narratives that officers recovered a firearm from the
6    Rocquemore residence?
7        MR. COOK:   Form and foundation.
8        A   Upon the advice of my counsel, I'm asserting
9    my Fifth Amendment right and refuse to answer that
10   question.
11       Q   Did you fabricate a statement attributed to
12   Ms. Rocquemore including the following, "My play sister
13   trying to put a case on me and put the L on the grill"?
14       A   Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17       Q   And you're asserting your Fifth Amendment
18   right and refusing to answer that question because you
19   believe answering whether you fabricated a statement
20   attributed to Ms. Rocquemore including, "My play sister
21   trying to put a case on me and put the L on the grill,"
22   could subject you to criminal prosecution, right?
23       MR. COOK:   Form and foundation.
24       A   Upon the -- upon the advice of my counsel, I'm
25   asserting my Fifth Amendment right and refuse to answer



Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

82..85

Page 82

1   that question.
2       Q   Ms. Rocquemore never stated, "My play sister
3   trying to put a case on me and put the L on the grill"?
4       A   Upon the advice of my counsel, I'm asserting
5   my Fifth Amendment right and refuse to answer that
6   question.
7       Q   You put that statement, attributed to Ms.
8   Rocquemore, in a police report knowing well that it was
9   false, right?
10      MR. COOK:  Objection.  Foundation.
11      A   Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14      Q   You and your fellow officers put that
15  statement attributed to Ms. Rocquemore in a police
16  report knowing full well that it was false, right?
17      MR. COOK:  Same objections.
18      A   Upon the advice of my counsel --
19      MR. JANSKI:  -- speculation, as well.
20      A   Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.
23      Q   Who is Matthew Dixon?
24      A   Upon the advice of my counsel, I'm asserting
25  my Fifth Amendment right and refuse to answer that

Page 83

1   question.
2       Q   Did you and Xavier Elizondo create police
3   reports related to Matthew Dixon, which create -- which
4   contained false statements?
5       MR. JANSKI:  Objection.  Form.  Foundation.
6   Tess, I'm also going to object to asking questions
7   regarding Matthew Dixon.  Per plaintiff's position
8   as of yesterday, Matthew Dixon, according to
9   plaintiff, has no relevance in this case, and I'm
10  not sure why we're asking Mr. Salgado about those
11  questions.  I'd like to preserve that objection.
12  BY MS. KLEINHAUS:
13      Q   Go ahead, sir.
14      COURT REPORTER:  I'm sorry, Mr. Janski, you had
15  previously objected, I think, when Mr. Salgado
16  answered.  Is that an objection in the same of line?
17      MR. JANSKI:  The --
18      COURT REPORTER:  Just making sure, I'm sorry.
19      MR. JANSKI:  The objection I just made was with
20  respect to plaintiff's counsel's questions regarding
21  Matthew Dixon.
22      COURT REPORTER:  Yes, sir.
23      A   Upon the advice of my counsel, I'm asserting
24  my Fifth Amendment right and refuse to answer that
25  question.

Page 84

1   BY MS. KLEINHAUS:
2       Q   Did you and Xavier Elizondo create police
3   reports claiming to have conducted surveillance at 7219
4   South Phillips?
5       MR. JANSKI:  Same objections, including
6   objection to asking questions regarding Matthew
7   Dixon.
8       MS. KLEINHAUS:  You can have a standing
9   objection.
10  BY MS. KLEINHAUS:
11      Q   Go ahead, sir.
12      A   Upon the advice of my counsel, I'm asserting
13  my Fifth Amendment right and refuse to answer that
14  question.
15      Q   In fact, it was physically impossible for you
16  to see what you claim you saw while doing surveillance,
17  right?
18      MR. COOK:  Objection to foundation.
19      MR. JANSKI:  Vague.  And then I'll take you up
20  on your offer of a standing objection regarding the
21  Matthew Dixon relevancy.
22      A   Upon the advice of my counsel, I'm asserting
23  my Fifth Amendment right and refuse to answer that
24  question.
25  BY MS. KLEINHAUS:

Page 85

1       Q   You claimed you saw two black males enter a
2   door, and then Elizondo followed them in, right?
3       A   Upon the advice of my counsel, I'm asserting
4   my Fifth Amendment right and refuse to answer that
5   question.
6       Q   But those doors automatically lock, and you
7   and Elizondo were much too far away to have gone in
8   after anyone, right?
9       MR. COOK:  Objection.  Form and foundation.
10      MR. JANSKI:  I'll add vague, as well.
11      A   Upon the advice of my counsel, I'm asserting
12  my Fifth Amendment right and refuse to answer that
13  question.
14      Q   You created a false narrative about the
15  surveillance at 7219 South Phillips, correct?
16      MR. COOK:  Objection.  Foundation.
17      MR. JANSKI:  Objection.  Vague.
18      A   Upon the advice of my counsel, I'm asserting
19  my Fifth Amendment right and refuse to answer that
20  question.
21      Q   In fact, you claimed you spent March 30th and
22  March 31, 2017 doing surveillance of 7219 South
23  Phillips, when actually you were in another locating
24  framing someone else on March 31, 2017, right?
25      MR. COOK:  Objection to form and foundation.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

86..89

Page 86

1    MR. JANSKI: I'll add vague. Argumentative.
2    A    Upon the advice of my counsel, I'm asserting
3    my Fifth Amendment right and refuse to answer that
4    question.
5    Q    Sir, you were actually framing Ali Knox on
6    March 31, 2017, weren't you?
7    MR. COOK: Objection. Form. Foundation.
8    MR. JANSKI: Same objections.
9    A    Up -- upon the advice of my counsel, I'm
10   asserting my Fifth Amendment right and refuse to answer
11   that question.
12   Q    You falsely claimed that someone told you
13   there were drug sales at 7219 South Phillips, right?
14   MR. COOK: Objection. Foundation.
15   A    Upon the advice of my counsel, I'm asserting
16   my Fifth Amendment right and refuse to answer that
17   question.
18   Q    Nobody ever told you that drug sales were
19   happening at 7219 South Phillips, correct?
20   A    Upon the advice of my counsel, I'm asserting
21   my Fifth Amendment right and ru -- refuse to answer
22   that question.
23   Q    And you're refusing to answer whether or not
24   anybody ever told you that drug sales were happening at
25   7219 South Phillips because you believe you risk

Page 87

1    criminal prosecution if you were to answer that question
2    truthfully, correct?
3    MR. COOK: Objection. Form and foundation.
4    A    Upon the --
5    MR. COOK. Sorry. Form and foundation.
6    A    Upon the advice of my counsel, I'm asserting
7    my Fifth Amendment right and refuse to answer that
8    question.
9    Q    You created police reports that falsely stated
10   that Matthew Dixon was holding crack cocaine in the
11   hallway of 7219 South Phillips on April 1, 2017, right?
12   MR. COOK: Objection. Form and foundation.
13   A    Upon the advice of my counsel, I'm asserting
14   my Fifth Amendment right and refuse to answer that
15   question.
16   Q    And you're refusing to answer whether you
17   included false statements that Matthew Dixon was selling
18   crack cocaine because you believe you risk criminal
19   prosecution if you were to answer that question, right?
20   MR. COOK: Form and foundation.
21   A    Upon the advice of my counsel, I'm asserting
22   my Fifth Amendment right and refuse to answer that
23   question.
24   Q    You were the first arresting officer on the
25   police report for the arrest of Matthew Dixon, right?

Page 88

1    A    Upon the advice of my counsel, I'm asserting
2    my Fifth Amendment right and refuse to answer that
3    question.
4    Q    And you knew that being the first arresting
5    officer on the report you would likely be the officer
6    called to testify for the State, right?
7    A    Upon the advice of my counsel, I'm asserting
8    my Fifth Amendment right and refuse to answer that
9    question.
10   Q    And you included the following statement in
11   your arrest report, which you attributed to Matthew
12   Dixon, "I sell on the block for 12 and DJ (phonetic). I
13   make 1000 per week"?
14   A    Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17   Q    You never heard Matthew Dixon say, "I sell on
18   the block for 12 and DJ. I make 1000 per week,"
19   correct?
20   A    Upon the advice of my counsel, I'm asserting
21   my Fifth Amendment right and refuse to answer that
22   question.
23   Q    You were also the attesting officer for the
24   Dixon arrest, right?
25   A    Upon the advice of my counsel, I'm asserting

Page 89

1    my Fifth Amendment right and refuse to answer that
2    question.
3    Q    And that means, as the attesting officer, you
4    declared under penalty of perjury that the information
5    contained in that report was true, right?
6    A    Upon the advice of my counsel, I'm asserting
7    my Fifth Amendment right and refuse to answer that
8    question.
9    Q    But the information you included in that
10   report wasn't true, was it?
11   A    Upon the advice --
12   MR. JANSKI: Objection. Form. Foundation.
13   Argumentative.
14   A    Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17   Q    And you're refusing to answer whether you
18   included in your Dixon report information that wasn't
19   true because you believe you would be at risk for
20   criminal prosecution if you were to answer that question
21   truthfully, correct?
22   MR. COOK: Objection to form and foundation.
23   A    Upon the advice of my counsel, I'm asserting
24   my Fifth Amendment right and refuse to answer that
25   question.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

The Deposition of DAVID SALGADO, taken on September 29, 2021

90..93

Page 90

1    Q    Did you fabricate the narrative that you saw
2    Antwan Scott holding a gun on April 1, 2017?
3         A    Upon the advice of my counsel, I'm asserting
4    my Fifth Amendment right and refuse to answer that
5    question.
6    Q    You testified in a motion to quash hearing on
7    January 23, 2018, related to the Antwan Scott case,
8    right?
9         A    Upon the advice of my counsel, I'm asserting
10   my Fifth Amendment right and refuse to answer that
11   question.
12   Q    And you provided false testimony under oath in
13   that matter, didn't you?
14        A    Upon the advice of my counsel, I'm asserting
15   my Fifth Amendment right and refuse to answer that
16   question.
17   Q    You're refusing to answer that question
18   because you fear criminal prosecution if you were to
19   answer that question truthfully, correct?
20        MR. COOK:  Objection to form and foundation.
21        A    Upon the advice -- upon the advice of my
22   counsel, I'm asserting my Fifth Amendment right and
23   refuse to answer that question.
24   Q    During your testimony on the motion to quash,
25   you provided false testimony about surveillance at the

Page 91

1    7219 South Phillips address, right?
2         MR. COOK:  Objection to foundation.
3         A    Upon the advice of my counsel, I'm asserting
4    my Fifth Amendment right and refuse to answer that
5    question.
6    Q    You testified under oath that you couldn't
7    even obtain the address of the place that you'd been
8    surveilling for two days because there was so much
9    narcotics activity there, right?
10        MR. COOK:  Objection to form.
11        MR. JANSKI:  Vague.
12        A    Upon -- upon the advice of my counsel, I'm
13   asserting my Fifth Amendment right and refuse to answer
14   that question.
15   Q    And that was -- that testimony that you
16   couldn't obtain the address because there was so much
17   narcotics activity there, was a lie, right?
18        MR. COOK:  Objection.  Form.
19        A    Upon the advice of my counsel, I'm asserting
20   my Fifth Amendment right and refuse to answer that
21   question.
22   Q    Did you frame Matthew Dixon for a drug crime
23   stemming from a false arrest on April 1, 2017, at 7219
24   South Phillips?
25        MR. COOK:  Objection to form.

Page 92

1         MR. JANSKI:  I'll go with --
2         A    Upon the --
3         MR. JANSKI:  -- foundation and vague.
4         A    Upon the advice of my counsel, I'm asserting
5    my Fifth Amendment right and refuse to answer that
6    question.
7    Q    Did you frame Antwan Scott for drug and gun
8    crimes stemming from a false arrest on April 1, 2017, at
9    7219 South Phillips?
10        MR. COOK:  Same objection.
11        MR. JANSKI:  I make the same --
12        A    Upon the advice --
13        MR. JANSKI:  -- objections, as well as the
14   other objection related to Matt Dixon, and the
15   relevance.
16        A    Upon the advice of my counsel, I'm asserting
17   my Fifth Amendment right and refuse to answer that
18   question.
19   BY MS. KLEINHAUS:
20   Q    Who is Valerie Lazo?
21        A    Upon the advice of my counsel, I'm asserting
22   my Fifth Amendment right and refuse to answer that
23   question.
24   Q    Did you fabricate a claim that you recovered
25   drugs and firearms from 2852 South Harding at the

Page 93

1    residence of Valerie Lazo on June 24, 2017?
2         A    Upon the advice of my counsel, I'm asserting
3    my Fifth Amendment right and refuse to answer that
4    question.
5    Q    And you're refusing to answer whether you
6    fabricated a claim that you recovered drugs and firearms
7    at 2852 South Harding at the residence of Valerie Lazo
8    because you believe you risk criminal prosecution if you
9    were to answer that question truthfully, correct?
10        MR. COOK:  Objection.
11        A    Upon the --
12        MR. COOK:  Form and foundation.
13        A    Upon the advice of my counsel, I'm asserting
14   my Fifth Amendment right and refuse to answer that
15   question.
16   Q    Did you fabricate the narrative that Valerie
17   Lazo told officers she had a couple of rifles, and at
18   least two handguns?
19        A    Upon the advice of my counsel, I'm asserting
20   my Fifth Amendment right and refuse to answer that
21   question.
22   Q    And you re refusing to answer whether you
23   fabricated the narrative that Valerie Lazo told officers
24   she had a couple of rifles and at least two handguns
25   because you believe you risk criminal prosecution if you

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

The Deposition of DAVID SALGADO, taken on September 29, 2021

94..97

Page 94

1  were to answer that question truthfully, correct?
2      MR. COOK:  Form and foundation.
3      A   Upon the advice of my counsel, I'm asserting
4  my Fifth Amendment right and refuse to answer that
5  question.
6      Q   Did you fabricate the narrative that Valerie
7  Lazo said she lets people store firearms at her house?
8      A   Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10 question.
11     Q   Did you turn off your body camera to talk to
12 Valerie Lazo about giving you information?
13     MR. JANSKI:  Objection.  Form.  Foundation.
14 Assumes facts not in evidence.
15     A   Upon the advice of my counsel, I'm asserting
16 my Fifth Amendment right and refuse to answer that
17 question.
18     Q   Who is Connie Moore?
19     A   Upon the advice of my counsel, I'm asserting
20 my Fifth Amendment right and refuse to answer that
21 question.
22     Q   Did you obtain information from Latonia Gibson
23 that led you to seek a search warrant for the residence
24 of Connie Moore?
25     A   Upon the advice of my counsel, I'm asserting

Page 95

1  my Fifth Amendment right and refuse to answer that
2  question.
3      Q   Did you use a dummy informant, meaning someone
4  who didn't actually have information about Connie Moore,
5  to go before a judge and obtain a search warrant for
6  Connie Moore's address?
7      MR. COOK:  Objection to form.
8      A   Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10 question.
11     Q   And you're refusing to answer whether you used
12 a dummy informant to go before a judge and obtain a
13 search warrant for Connie Moore's residence because you
14 believe answering truthfully can subject you to criminal
15 prosecution, right?
16     A   Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q   Did you and Xavier Elizondo tell the dummy
20 informant what to say about Connie Moore in order to get
21 a warrant for Moore's residence?
22     MR. COOK:  Objection.  Form and foundation.
23     A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refusing -- and refuse to
25 answer that question.

Page 96

1      Q   Did Latonia Gibson demand payment for
2  information she provided regarding Connie Moore?
3      MR. COOK:  Objection to foundation.
4      A   Upon -- upon the -- being advised by my
5  counsel, I'm asserting my Fifth Amendment right and
6  refuse to answer that question.
7      Q   Did you pay Gibson for the information about
8  Moore?
9      MR. COOK:  Objection to foundation.
10     A   Upon the advice of my counsel, I'm asserting
11 my Fifth Amendment right and refuse to answer that
12 question.
13     Q   Did you ever record any payments that you made
14 to Gibson?
15     MR. COOK:  Objection.  Foundation.
16     A   Upon the advice of my counsel, I'm asserting
17 my Fifth Amendment right and refuse to answer that
18 question.
19     Q   Did Xavier Elizondo pay Gibson?
20     MR. COOK:  Objection.  Foundation.
21     A   Upon the advice -- on the advice of my
22 counsel, I'm asserting my Fifth Amendment right and
23 refuse to answer that question.
24     Q   Did Xavier Elizondo record any payments made
25 to Gibson?

Page 97

1      MR. COOK:  Objection to foundation.
2      A   Upon the -- upon the advice of my counsel, I'm
3  asserting my Fifth Amendment right and refuse to answer
4  that question.
5      Q   Did you fabricate the narrative that you
6  recovered a gun and ammunition from Connie Moore's purse
7  during the search of her residence?
8      A   Upon the advice of my co -- of my counsel, I'm
9  asserting my Fifth Amendment right and refuse to answer
10 that question.
11     Q   And you're refusing to answer whether you
12 fabricated the narrative that you recovered a gun and
13 ammunition from Connie Moore's purse during the search
14 of her residence because you believe answering that
15 question truthfully could subject you to criminal
16 prosecution, correct?
17     MR. COOK:  Objection.  Form and foundation.
18     A   Upon the advice of my counsel, I'm asserting
19 my Fifth Amendment right and refuse to answer that
20 question.
21     Q   Did you destroy Ms. Moore's property while you
22 were engaged in the search of her residence?
23     A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

Page 98

```
1        Q    Did officers threaten to take Ms. Moore's
2   child away if she didn't give them information --
3   incriminating information about someone else?
4            MR. COOK:  Objection to form and foundation.
5        A    Upon the -- the advice of my counsel, I'm
6   asserting my Fifth Amendment right and refuse to answer
7   that question.
8        Q    Did you speak with Trenius Sykes during the
9   execution of the warrant at Ms. Moore's address?
10       A    Upon the advice of my counsel, I'm asserting
11  my Fifth Amendment right and refuse to answer that
12  question.
13       Q    Did Sergeant Elizondo speak with Trenius Sykes
14  during the execution of the warrant at Ms. Moore's
15  address?
16           MR. COOK:  Objection to foundation.
17       A    Upon the advice -- upon the advice of my
18  counsel, I'm asserting my Fifth Amendment right and
19  refuse to answer that question.
20       Q    What did you say to Trenius Sykes, and what
21  did he say to you?
22       A    Upon the advice of my counsel, I'm asserting
23  my Fifth Amendment right and refuse to answer that
24  question.
25       Q    Did you tell Sykes to give you some guns and
```

Page 99

```
1   you would (Inaudible) Connie Moore?
2        A    Upon the advice of my counsel, I'm asserting
3   my Fifth Amendment right and refuse to answer that
4   question.
5        Q    Did you fabricate a narrative that Connie
6   Moore tried to bribe police officers by saying she would
7   get information on guns from her boyfriend if they'd let
8   her go?
9        A    Upon the advice of my counsel, I'm asserting
10  my Fifth Amendment right and refuse to answer that
11  question.
12       Q    You told Ms. Moore at the police station that
13  she could be free if she gave you names of people to
14  arrest?
15       A    Upon the advice of my counsel, I'm asserting
16  my Fifth Amendment right and refuse to answer that
17  question.
18       Q    Did you tell Ms. Moore at the police station
19  that you would give her money if she gave you names of
20  people to arrest?
21       A    Upon the advice of my counsel, I'm asserting
22  the Fifth Amendment right and refuse to answer that
23  question.
24       Q    Did you fabricate a gun charge against
25  Ms. Moore?
```

Page 100

```
1        A    Upon the advice of my counsel, I'm asserting
2   my Fifth Amendment right and refuse to answer that
3   question.
4        Q    And you're refusing to answer whether you
5   fabricated a gun charge against Ms. Moore because you
6   believe you risk criminal prosecution if you were to
7   answer that question truthfully, correct?
8        A    Upon the advice of my counsel, I'm asserting
9   my Fifth Amendment right and refuse to answer that
10  question.
11       Q    When Connie Moore wouldn't give you
12  information, did you fabricate a gun charge against her?
13           MR. COOK:  Objection.  Foundation.
14       A    Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17       Q    Who is Kathy Hughes?
18       A    Upon the advice of my counsel, I'm asserting
19  my Fifth Amendment right and refuse to answer that
20  question.
21       Q    Did you fabricate a narrative that you, or
22  your fellow officers observed Kathy Hughes with crack
23  cocaine and heroin during execution of a search warrant
24  on September 5, 2017, at 2111 South Drake Avenue?
25           MR. JANSKI:  Objection --
```

Page 101

```
1        A    Upon the advice of --
2            MR. JANSKI:  -- to form and foundation.  Calls
3   for speculation.
4        A    Upon the advice of my counsel, I'm asserting
5   my Fifth Amendment right and refuse to answer that
6   question.
7        Q    Are you refusing to answer whether you
8   fabricated a narrative that you or your fellow team
9   members observed Kathy Hughes with crack cocaine and
10  heroin during execution of a search warrant on September
11  5, 2017, at 2111 South Drake because you believe
12  answering that question truthfully could subject you to
13  criminal prosecution?
14           MR. COOK:  Objection to form and foundation.
15       A    Upon the advice of my counsel, I'm asserting
16  my Fifth Amendment right and refuse to answer that
17  question.
18       Q    Did you fabricate the narrative that Kathy
19  Hughes admitted to selling drugs?
20       A    Upon the advice of my counsel, I'm asserting
21  my Fifth Amendment right and refuse to answer that
22  question.
23       Q    Did you participate in obtaining a warrant for
24  the search of 2111 South Drake based on false
25  information?
```

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

102..105

Page 102

1    A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4    Q   Are you refusing to answer whether you
5  participated in obtaining a warrant for the search of
6  2111 South Drake based on false information because you
7  believe it could subject you to criminal prosecution?
8        MR. COOK:  Objection.  Form and foundation.
9    A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12   Q   On March 1, 2015, did you and members of your
13 team enter the home of Sharon Spearman (phonetic), and
14 hold her at gunpoint, and subsequently steal narcotics
15 and money from a neighboring home?
16       MR. COOK:  Objection to form.
17   A   Upon the advice of my counsel, I'm asserting
18 my Fifth Amendment right and refuse to answer that
19 question.
20   Q   Did you use false information to obtain a
21 search warrant for the home of David Teague?
22   A   Upon the advice --
23       MR. JANSKI:  Objection.  Form.  Foundation.
24   Apologize, Mr. Salgado.  Objection.  Form.
25   Foundation. Assumes facts not in evidence.

Page 103

1    A   Upon the advice of my counsel, I'm asserting
2  my Fifth Amendment right and refuse to answer that
3  question.
4  BY MS. KLEINHAUS:
5    Q   Did you falsely claim that you, or members of
6  your team had found drugs in the home of David Teague?
7        MR. JANSKI:  Objection.  Form.  Foundation.
8    Assumes facts not in evidence.
9    A   Upon the advice of my counsel, I'm asserting
10 the Fifth Amendment right and refuse to answer that
11 question.
12   Q   On July 7, 2016, did you participate in the
13 burglary of the home of Paul Roblas, stealing money,
14 jewelry, and firearms?
15       MR. COOK:  Objection.  Form.  Foundation.
16       MR. JANSKI:  Argumentative.  Vague.
17   A   Upon the advice of my counsel, I'm asserting
18 my Fifth Amendment right and refuse to answer that
19 question.
20   Q   On March 31, 2017, did you enter the home of
21 Ali Knox, along with Xavier Elizondo?
22   A   Upon the advice of my counsel, I'm asserting
23 my Fifth Amendment right and refuse to answer that
24 question.
25   Q   Did you fabricate a narrative that you and

Page 104

1  Xavier Elizondo found drugs in the home of Ali Knox?
2    A   Upon the advice of my counsel, I'm asserting
3  my Fifth Amendment right and refuse to answer that
4  question.
5    Q   On April 1, 2017, did you falsely arrest
6  Devonte Bolton, and fabricate a drug charge against him?
7        MR. COOK:  Objection.  Form.  Foundation.
8    A   Upon the advice of my counsel, I'm asserting
9  my Fifth Amendment right and refuse to answer that
10 question.
11   Q   Did you try to pressure Victor Rosas to give
12 you information?
13   A   Upon the advice of my counsel, I'm asserting
14 my Fifth Amendment right and refuse to answer that
15 question.
16   Q   When Victor Rosas refused to give you
17 information, did you fabricate drug charge against him?
18       MR. COOK:  Objection.  Form.
19   A   Upon the advice of my counsel, I'm asserting
20 my Fifth Amendment right and refuse to answer that
21 question.
22   Q   Who is Cornell Ferguson?
23   A   Upon the advice of my counsel, I'm asserting
24 my Fifth Amendment right and refuse to answer that
25 question.

Page 105

1    Q   Did you participate in the beating of Cornell
2  Ferguson on May 19, 2017?
3        MR. COOK:  Objection.  Form.
4    A   Upon the advice of my counsel, I'm asserting
5  my Fifth Amendment right and refuse to answer that
6  question.
7    Q   On July 3, 2017, did you plant drugs on
8  Ricardo Maldonado?
9    A   Upon the advice of my counsel, I'm asserting
10 my Fifth Amendment right and refuse to answer that
11 question.
12   Q   Are you refusing to answer whether you planted
13 drugs on Ricardo Maldonado because you believe you risk
14 criminal prosecution if you were to answer that question
15 truthfully?
16       MR. COOK:  Objection.  Form.
17   A   Upon the --
18       MR. COOK:  Go ahead.
19   A   Upon the advice of my counsel, I'm asserting
20 my Fifth Amendment right and refuse to answer that
21 question.
22   Q   On October 17, 2017, did you enter the home of
23 Irene Simmons?
24   A   Upon the advice of my counsel, I'm asserting
25 my Fifth Amendment right and refuse to answer that

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

The Deposition of DAVID SALGADO, taken on September 29, 2021

106..109

Page 106

1    question.

2        Q    Did you damage property in the home of Irene
3    Simmons?

4        A    Upon the advice of my counsel, I'm asserting
5    my Fifth Amendment right and refuse to answer that
6    question.

7        Q    Did you falsely claim to have recovered drugs
8    within the home of Irene Simmons?

9        A    Upon the advice of my counsel, I'm asserting
10   my Fifth Amendment right and refuse to answer that
11   question.

12       Q    Are you refusing to answer whether you falsely
13   claimed to have recovered drugs within the home of Irene
14   Simmons because you believe a truthful answer could
15   subject you to criminal prosecution.

16            MR. COOK:  Objection.  Form and foundation.

17       A    Upon the advice of my counsel, I'm asserting
18   my Fifth Amendment right and refuse to answer that
19   question.

20       Q    Were you ever disciplined while you were a
21   member of the Chicago Police Department?

22            MR. COOK:  Objection.  Form.  Asked and
23            answered.

24       A    Upon the advice of my counsel, I'm asserting
25   my Fifth Amendment right and refuse to answer that

Page 107

1    question.

2        Q    Did you steal money from a vehicle in January
3    2018, while you were a member of the Chicago Police
4    Department?

5        A    Upon the advice of my counsel, I'm asserting
6    my Fifth Amendment right and refuse to answer that
7    question.

8        Q    When did you last speak with Xavier Elizondo?

9        A    Upon the advice of my counsel, I'm asserting
10   my Fifth Amendment right and refuse to answer that
11   question.

12       Q    Did you destroy evidence that you thought
13   might incriminate you when you believed you could be
14   arrested?

15            MR. COOK:  Objection to form and foundation.

16       A    Upon the advice of my counsel, I'm asserting
17   my Fifth Amendment right and refuse to answer that
18   question.

19       Q    And you're refusing to answer whether you
20   destroyed evidence that you thought might incriminate
21   you when you thought you might be arrested because you
22   believe that answering that question truthfully could
23   subject you to criminal prosecution, correct?

24            MR. COOK:  Same objections.

25       A    Upon the advice -- upon the advice of my

Page 108

1    counsel, I'm asserting my Fifth Amendment right and
2    refuse to answer that question.

3        Q    Did Elizondo tell you to destroy evidence that
4    might incriminate you, when you thought you might be
5    arrested?

6            MR. COOK:  Same objections.

7        A    Upon the advice of my counsel, I'm asserting
8    my Fifth Amendment right and refuse to answer that
9    question.

10       Q    Sir, are you currently under investigation by
11   any law enforcement agency, to your knowledge?

12       A    Upon the advice of my counsel, I'm asserting
13   my Fifth Amendment right and refuse to answer that
14   question.

15       Q    Are you willing to answer any questions
16   related to your employment with the City of Chicago,
17   without invoking your Fifth Amendment right?

18       A    Upon the advice of my counsel, I'm asserting
19   my Fifth Amendment right and refuse to answer that
20   question.

21       Q    If your criminal appeal is successful, will
22   you continue to refuse to answer questions because of
23   your fear of prosecution?

24            MR. COOK:  Objection.  Form Foundation.  Calls
25            for a legal conclusion.

Page 109

1        A    Upon the advice of my counsel, I'm asserting
2    my Fifth Amendment right and refuse to answer that
3    question.

4        Q    If your criminal appeal is unsuccessful, will
5    you continue to refuse to answer questions because you
6    fear criminal prosecution?

7            MR. COOK:  Same objections.

8        A    Upon the advice of my counsel, I'm asserting
9    my Fifth Amendment right and refuse to answer that
10   question.

11            MS. KLEINHAUS:  Okay.  I think I'm about done.
12   I'd like to take about a ten-minute break off the
13   record, please.

14            COURT REPORTER:  Okay.  We are going off the
15   record.  The time is 12:57 p.m., Eastern Standard
16   Time.

17            (OFF THE RECORD)

18            COURT REPORTER:  We are back on the record.  The
19   time is 1:10 p.m. Eastern Standard Time.

20            MS. KLEINHAUS:  Sir, I don't have any other
21   questions for you at this time.  Some of the other
22   attorneys may have questions for you.

23            MR. JANSKI:  Andrew, I had some questions if
24   you want me to go now.

25            MR. COOK:  Oh.  Yeah, sure.

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
COURT REPORTERS

The Deposition of DAVID SALGADO, taken on September 29, 2021

110..113

Page 110

```
1              CROSS-EXAMINATION
2   BY MR. JANSKI:
3       Q    Officer Salgado, isn't it true that the only
4   reason you executed a search warrant on Treadwell's
5   house is because you received credible information from
6   a witness that he was selling illegal drugs at the
7   location, and possessed a gun even though Treadwell was
8   a felon?
9       MS. KLEINHAUS:  Objection to form.
10      MR. JANSKI:  You guys are muted.
11      COURT REPORTER:  Yes, sir.  The witness is
12  muted.
13      MR. COOK:  Oh.
14      COURT REPORTER:  One moment please.  Okay.  Go
15  ahead, sir.  I was able to unmute you, Mr. Salgado.
16  You may proceed.
17      A    Upon the advice of my counsel, I'm asserting
18  my Fifth Amendment right and refuse to answer that
19  question.
20  BY MR. JANSKI:
21      Q    Isn't it true that no other police officer,
22  other than Officer Xavier Elizondo, knew any of the
23  facts that led to your current conviction?
24      MS. KLEINHAUS:  Objection.  Form.  Foundation.
25      A    Upon the advice of my counsel, I'm asserting
```

Page 111

```
1   my Fifth Amendment right and refuse to answer that
2   question.
3       Q    Isn't it true that you were trained by Chicago
4   Police Department that you could be disciplined and
5   terminated if you violated the constitutional rights of
6   another person?
7       A    Upon the advice of my counsel, I'm asserting
8   my Fifth Amendment right and refuse to answer that
9   question.
10      Q    Isn't it true that you were trained by the
11  Chicago Police Department that you could be disciplined
12  and terminated if you ever fabricated evidence?
13      A    Upon the advice of my counsel, I'm asserting
14  my Fifth Amendment right and refuse to answer that
15  question.
16      Q    You were trained by the Chicago Police
17  Department that you must have probable cause to procure
18  a search warrant, correct?
19      A    Upon the advice of my counsel, I'm asserting
20  my Fifth Amendment right and refuse to answer that
21  question.
22      Q    And you at all times believed that there was
23  probable cause for the search of 1645 South Harding, on
24  October 21, 2017, correct?
25      A    Upon the advice of my counsel, I'm asserting
```

Page 112

```
1   my Fifth Amendment right and refuse to answer that
2   question.
3       Q    After the search warrant was executed at 1645
4   South Harding on October 21, 2017, isn't it true that
5   Mark Treadwell said that he sold drugs, "Because I have
6   to make money to eat"?
7       A    Upon the advice of my counsel, I'm asserting
8   my Fifth Amendment right and refuse to answer that
9   question.
10      Q    You were trained by the Chicago Police
11  Department that you need to bring the witness with
12  personal knowledge before the judge in order to
13  establish probable cause for a search warrant, correct?
14      A    Upon the advice of my counsel, I'm asserting
15  my Fifth Amendment right and refuse to answer that
16  question.
17      Q    Because of your formal and on-the-job training
18  at the Chicago Police Department, you were aware at all
19  times that you were not supposed to steal anything while
20  executing a search warrant, correct?
21      A    Upon the advice of my counsel, I'm asserting
22  my Fifth Amendment right and refuse to answer that
23  question.
24      Q    Isn't it true that the Chicago Police
25  Department's internal affairs division assisted the FBI
```

Page 113

```
1   in investigating your behavior in connection with search
2   warrants?
3       A    Upon the advice of my counsel, I'm asserting
4   my Fifth Amendment right and refuse to answer that
5   question.
6       Q    Isn't it true that any time you ever executed
7   a search warrant, you were afraid that if anyone at
8   Chicago Police Department ever found out that you
9   falsified any information in connection with a search
10  warrant, you would be fired and possibly criminally
11  prosecuted?
12      A    Upon the advice of my counsel, I'm asserting
13  my Fifth Amendment right and refuse to answer that
14  question.
15      Q    Isn't it true that you would invoke your Fifth
16  Amendment rights in response to every question that's
17  asked regardless of whether the answer is "yes" or "no"?
18      A    Upon the advice of my counsel, I'm asserting
19  my Fifth Amendment right and refuse to answer that
20  question.
21      MR. JANSKI:  Okay.  I have no further
22  questions.
23      MR. COOK:  Winnie, do you have anything?
24      MS. MONU:  Can you hear me?
25      MR. COOK:  Oh.  Yeah.  Now we can.
```

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

KENTUCKIANA
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

Page 114

1    MS. MONU:  Okay.  So I do not -- I do not.  I
2  don't have any questions.  Thank you.
3    MR. COOK:  Okay.  Then I think that would
4  conclude Mr. Salgado's deposition?
5    MR. JANSKI:  Yes
6    MR. COOK:  All right.
7    COURT REPORTER:  Okay.  This concludes the
8  deposition of Mr. Salgado.  We are going off the
9  record. The time is 1:14 p.m. Eastern Standard Time.
10    (DEPOSITION CONCLUDED AT 1:14 P.M.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 115

1              CERTIFICATE OF REPORTER
2          COMMONWEALTH OF KENTUCKY AT LARGE
3
4    I do hereby certify that the witness in the foregoing
5    transcript was taken on the date, and at the time and
6    place set out on the Title page hereof, by me after
7    first being duly sworn to testify the truth, the whole
8    truth, and nothing but the truth; and that the said
9    matter was recorded by me and then reduced to
10   typewritten form under my direction, and constitutes a
11   true record of the transcript as taken, all to the best
12   of my skill and ability. I certify that I am not a
13   relative or employee of either counsel and that I am in
14   no way interested financially, directly or indirectly,
15   in this action.
16
17
18
19
20
21
22   VICTORIA JADICK,
23   COURT REPORTER/NOTARY
24   MY COMMISSION EXPIRES:01/28/2023
25   SUBMITTED ON: 10/04/2021

Kentuckiana Reporters
30 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

Kentuckiana
COURT REPORTERS

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com