IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARK TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 19 cv 03179 |
| | ) | |
| v. | ) | Hon. Virginia M. Kendall, |
| | ) | District Judge |
| DAVID SALGADO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL PRETRIAL ORDER**

Pursuant to this Court's order, Dkt. 272, this matter is set for a pretrial conference on December 21, 2022 to be held pursuant to Fed. R. Civ. P. ("Rule") 16.[1]

Trial counsel for Plaintiff Mark Treadwell, including Scott Rauscher, Theresa Kleinhaus, and Joshua Tepfer from Loevy & Loevy, Molly Armour, Law Office of Molly Armour, and Matthew Madden, Attorney at Law, LLC, are expected to attend the pretrial conference. Isabella Aguilar from Loevy & Loevy will also attend the pretrial conference.

Trial counsel Timothy P. Scahill and Whitney Hutchinson from Borkan & Scahill, LTD are expected to attend the pretrial conference as counsel for Defendant David Salgado. Trial counsel Kenneth M. Battle and Alexis Carr, from O'Connor & Battle, LLP, are expected to attend as counsel for Defendant Xavier Elizondo. Shneur Nathan and Ryan Janski are expected to attend as counsel for the City of Chicago.

The following actions to be taken:

(1) This action is brought pursuant to 42 U.S.C. §1983 for violations of the United States Constitution and pursuant to Illinois law for state law torts relating to the wrongful arrest and prosecution of Plaintiff Mark Treadwell. The jurisdiction of the Court is invoked under 28 U.S.C. §§1331 and 1367. Jurisdiction is not disputed.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

    **a)**     **Stipulation of Uncontested Facts**

---

[1] Pursuant to Local Rule 16.1(6)(e), Defendants "call to the court's attention" that Defendants' motion for summary judgment is still pending and "require[s] determination in advance of trial." (See, e.g., Dkt. ## 244, 243, 246, 247).

**Agreed Stipulations for the Pre-Trial Order**

None.

**Plaintiff's Proposed Stipulations**

1. On October 21, 2017, Defendant Elizondo was a sergeant in the Chicago Police Department and oversaw a team assigned to Chicago's 10th District.

2. On October 21, 2017, Defendant Salgado was a Chicago police officer and was assigned to Defendant Elizondo's 10th District team.

3. Defendant Salgado was the complainant officer in an effort to obtain a search warrant for the home located at 1645 S. Harding, Chicago, IL.

4. In order to obtain a search warrant for 1645 S. Harding, Defendant Salgado brought a civilian informant to Cook County Judge Elizabeth Hayes on October 21, 2017.

5. The complaint's real identity was not revealed to Judge Hayes; rather, she knew the informant only as J. Doe.

6. At 5:55 p.m. on October 21, 2017, Judge Hayes signed and approved the warrant.

7. Working in their capacity as Chicago police officers, Defendants Elizondo and Salgado were part of a team of officers who executed the search warrant at 1645 S. Harding on the evening of October 21, 2017.

8. Defendants arrested Mark Treadwell on October 21, 2017.

9. The Cook County State's Attorney's Office charged Plaintiff with various drug and gun-related felonies.

10. The Cook County State's Attorney's Office dismissed all charges against Mark Treadwell on May 14, 2018.

11. The federal government indicted Defendants Elizondo and Salgado on charges relating to obtaining search warrants by fraudulent means, including bringing purported informants before state criminal law judges who did not actually witness any criminal activity.

12. Defendants Elizondo and Salgado were convicted of all of the charges brought by the federal government at a jury trial.

13. Defendant Elizondo is in federal prison serving a sentence of 87 months in prison for conspiracy to embezzle and steal property, conspiracy to violate Fourth Amendment rights, theft of federal funds, and obstruction of justice.

14. Defendant Salgado is in federal prison serving a sentence of 71 months in prison sentence for conspiracy to embezzle and steal property, conspiracy to violate Fourth Amendment rights, and theft of federal funds.

### **Defendants' Proposed Stipulations**

None.

#### b) Agreed Description of the Case

Plaintiff Mark Treadwell alleges that he was wrongfully seized, prosecuted, and jailed for possession of drugs, firearms, and other items allegedly recovered during a search of a house conducted pursuant to a search warrant that was obtained through fraudulent means. All charges against Mr. Treadwell were dismissed on April 14, 2018. Defendants in this lawsuit are former Chicago Police Officers David Salgado and Xavier Elizondo.

Mr. Treadwell alleges that these acts violated his rights under the United States Constitution and Illinois state law. Defendants deny Plaintiff's allegations.

#### c) Exhibits

**PLAINTIFF'S EXHIBITS**

Plaintiff's Exhibit List, including the Bates number range, description, whether it is marked for ID only, and Defendants' objections are included as Attachment A to this Order.

In addition to the listed exhibits, Plaintiff reserves the right to rely on any exhibit identified by Defendants.

**DEFENDANTS' EXHIBITS**

Defendants' Exhibit List, including the Bates number range, description, whether it is marked for ID only, and Plaintiff's objections are included as Attachment B to this Order.

In addition to the listed exhibits, Defendants reserve the right to rely on any exhibit identified by Plaintiff.

**DEMONSTRATIVE EXHIBITS**

The Parties have agreed to disclose any demonstrative exhibits at a future date and agree to provide opposing counsel adequate time to review and make appropriate objections in advance of opening and closing arguments or any witness examinations during which demonstrative exhibits, if any, will be used.

### d) Witnesses

The parties reserve the right to call the Plaintiff or any Defendant.

The parties reserve the right to call any witnesses listed on any party's witness list.

The parties further reserve the right to call any witnesses in rebuttal for impeachment purposes.

The Parties object to the calling of any witnesses not disclosed on the Final Pretrial Order. The parties reserve their right to object to the specific content of any witnesses called at trial pursuant to the Federal Rules of Evidence and the Court's rulings on the parties' motions *in limine*.

*denotes witness who Plaintiff seeks to call by presenting the sworn testimony from Defendants' prior criminal trial, since the witness is deceased.

## PLAINTIFFS – WILL CALL WITNESS LIST

| NO. | WITNESS | DEFENDANTS' OBJECTIONS |
|---|---|---|
| 1. | Mark Treadwell | |
| 2. | Xavier Elizondo | See MIL regarding 5th Amendment |
| 3. | David Salgado | See MIL regarding 5th Amendment |
| 4. | Doran Woods* | Hearsay. See MIL. |
| 5. | Billy Martin | |
| 6. | Cardale Dorsey | Relevance |
| 7. | Jose Ascencio | Relevance, Rule 403, 404(b), see MIL. |
| 8. | Antwan Davis | |
| 9. | Phillix Wynn | |
| 10. | Tameka Treadwell | |
| 11. | Judge Elizabeth Hayes | Relevance, Rule 404(b), Rule 403 |
| 12. | Valerie Lazo | Relevance, Rule 404(b), Rule 403, see MIL |
| 13. | Irene Simmons | Relevance, Rule 404(b), Rule 403, see MIL |
| 14. | Milan Djordjevic | |
| 15. | Nabosja Djurdjevic | |
| 16. | Justin Homer | |
| 17. | Richard Mostowski | |
| 18. | Lisa Torres | |
| 19. | Stevan Vidlijinovic | |
| 20. | Roberto Ramirez | |
| 21. | Jose Sanchez | |

| NO. | WITNESS | DEFENDANTS' OBJECTIONS |
|---|---|---|
| 22. | Eric Helson | |

**PLAINTIFFS - MAY CALL WITNESS LIST**

| | | |
|---|---|---|
| 1. | Judge Maurice Araujo | Relevance, Rule 404(b), Rule 403 |
| 2. | AUSA Sean Franzblau | |
| 3. | AUSA Ankur Srivastava | |
| 4. | FBI Agent Marc Recca | |
| 5. | FBI Agent Robert Leary | |
| 6. | FBI Agent Stephen Cohen | |
| 7. | FBI Agent Allysha Jean-Simon | |

**DEFENDANTS' WITNESSES**

**DEFENDANTS – WILL CALL WITNESS LIST**

| Name | Address | Objection |
|---|---|---|
| Mark Treadwell, Plaintiff | May be contacted through counsel | |
| Antwan Davis | 1339 S. Keeler Ave. Chicago, Illinois | |
| Marc Recca (FBI) | May contact through DOJ counsel | |
| Milan Djordjevic (CPD) | May be contacted through counsel | |
| Nebojsa Djurdjevic (CPD) | May be contacted through counsel | |
| Roberto Ramirez (CPD) | May be contacted through counsel | |
| Steven Vidljinovic (CPD) | May be contacted through counsel | |
| Tameka Treadwell | 9040 S Constance, Chicago, Illinois 60616 | |

**May Call:** [2]

| Name | Address | Objection |
|---|---|---|
| Gwendolyn Brister (ISP) (Forensic Scientist) | May be contacted through counsel | Plaintiff objects under FRE 401, 402, and 403. The forensic makeup of any drugs recovered during the search is not at issue in this case. |
| Norman Kwong (CPD)(crime lab) | May be contacted through counsel | Plaintiff objects under FRE 401, 402, and 403 on relevance grounds. The characteristics of the firearms recovered during the search are not at issue in this case. |
| Rhina Checo Tejeda (CPD) (Fire Arms) | May contact through counsel | Plaintiff objects under FRE 401, 402, and 403. The characteristics of the firearms recovered during the search are not at issue in this case. |
| Dwight Stewart, PH.D. (economist) | May be contacted through counsel | Plaintiff objects under FRE 401 and 702. Stewart's opinion relates solely to lost wages. Plaintiff will not seek lost wages. See Pl. Motion *in limine*. |
| Record Keeper Cook County Public Defender | May be contacted through counsel | |
| Record Keeper Chicago Police Department | May be contacted through counsel | |
| Record Keeper Cook County State's Attorney's Office | May be contacted through counsel | |
| Record Keeper Cook County Clerk of Court | May be contacted through counsel | |
| Xavier Elizondo | May be contacted through counsel | |
| David Salgado | May be contacted through counsel | |
| Ankur Srivastava (AUSA) | May be contacted through DOJ counsel | |
| Billy Martin | 1643 S. Harding Ave, Chicago, Illinois 60623 | |
| Joe Raschke (FBI) | May be contacted through DOJ counsel | |
| Colleen O'Halleran-Foley | 2650 S. California Ave, Chicago, Illinois | |

---

[2] Defendants reserve the right to call any witnesses listed by Plaintiff or additional witnesses for the purposes of impeachment

| | | |
|---|---|---|
| Doran Woods | Decreased (Transcript) | |
| Eric Helson (CPD) | May be contacted through counsel | |
| Eric Winstrom (CPD) | May be contacted through counsel | |
| Frank Himel | 650 N. Dearborn, Chicago, Illinois | |
| Prosecutors from Cook County State's Attorney's Office assigned to Plaintiff's criminal case including Jennifer Keating, Robert Holland, Matthew Howroyd, Robert Foss, and John Chambers | May be contacted through their counsel | Plaintiff objects because these witnesses were not disclosed as fact witnesses pursuant to Fed. R. Civ. Pro. 26. Plaintiff further objects under Fed. R. Civ. Pro. 26 (a) (2) to the extent that these witnesses are asked to provide any opinion testimony because they were not disclosed as opinion witnesses. Plaintiff further objects under FRE 401. |
| Plaintiff's Assistant Public Defenders including Charnell Dunlap and Megan Tomlinson | May be contacted through their counsel | Plaintiff objects because these witnesses were not disclosed as fact witnesses pursuant to Fed. R. Civ. Pro. 26. Plaintiff further objects under Fed. R. Civ. Pro. 26 (a) (2) to the extent that these witnesses are asked to provide any opinion testimony because they were not disclosed as opinion witnesses. Plaintiff further objects under FRE 401. |
| Helen Haehady | Cook County Sheriff | |
| Consulting Forensic Investigator; Blackstone Forensics, Ltd. | May be contacted through plaintiff's counsel | Plaintiff objects under FRE 401. This witness relates to Plaintiff's home security system which is not relevant. See Plaintiff's Motion *in limine*. Plaintiff further objects under Fed. R. Civ. Pro. 26 to the effort to call Plaintiff's consulting expert as an adverse witness. |
| Jeffrey Owens | 7310 S Yates Blvd., Apt 3, Chicago, Illinois | |
| Jorge Rivera (CPD) | May contact through counsel | |
| Jose Sanchez (CPD) | May be contacted through counsel | |
| Justin Homer (CPD) | May be contacted through counsel | |

7

| | | |
|---|---|---|
| Lisa Torres (CPD) | May be contacted through counsel | |
| Jared McQuiston | May be contacted through DOJ counsel | Plaintiff objects under FRE 401. This witness does not have information related to the search at issue in this case. Plaintiff further objects pursuant to FRE 608 (b) that any testimony provided by this witness regarding Antwan Davis is inadmissible. |
| Phyllix Wynn | May be contacted through counsel | |
| Richard Mostowski (CPD) | May be contacted through counsel | |
| Robert Leary (FBI) | May be contacted through DOJ counsel | |
| Sean Franzblau (AUSA) | May be contacted through DOJ counsel | |
| Agent Anna McClung | May be contacted through DOJ counsel | |
| Agent Kyle Bocka | May be contacted through DOJ counsel | |
| Agent Curt Haralson | May be contacted through DOJ counsel | |
| Agent Stephen Cohen | May be contacted through DOJ counsel | |
| Agent Jean-Simon | May be contacted through DOJ counsel | |

e) **Qualifications of Rule 702 Witnesses** – The parties have stipulated that the expert descriptions will not be read to the jury.

**PLAINTIFF'S EXPERT WITNESSES**

Plaintiff will not be presenting any expert witnesses.

**DEFENDANTS' EXPERT WITNESSES**

Dwight Stewart, PhD. Plaintiff objects to the testimony of Dr. Stewart on relevancy grounds as Plaintiff will not be seeking damages for lost wages and for other reasons noted in his forthcoming motion *in limine*.

      **f)    A list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;**

Plaintiff seeks to present the testimony of Doran Woods via designation. Mr. Woods testified at the sentencing hearing of Defendants in *United States v. Xavier Elizondo, et al, No. 18 CR 286*. Mr. Woods has since died. Plaintiff's proposed designations are attached as Exhibit C. Defendants object to the testimony of Doran Woods as hearsay and as set forth in their motion in limine. Subject to these objections, Defendants have submitted counter-designation testimony on Exhibit C and further submitted specific objections to certain questions in the margin of Exhibit C.

      **g)    An itemized statement of damages;**

Plaintiff seeks compensatory and punitive damages stemming from the harm he suffered as a result of Defendants' unconstitutional and intentional misconduct that led to his wrongful arrest, detention, and prosecution—along with everything that entails. This includes loss of liberty, mental anguish, humiliation, degradation, isolation, emotional pain and suffering, and other grievous and continuing injuries. Defendants deny that Plaintiff sustained any damages.

      **h)    Trial briefs, proposed jury instructions, *voir dire* questions**

The parties will present proposed jury instructions, consistent with this Court's order, on January 5, 2023. This Court has not ordered trial briefs and has a standing order regarding *voir dire* in civil cases. Plaintiff's proposed *voir dire* questions with Defendants' objections is attached as Exhibit D. Defendants' proposed *voir dire* questions with Plaintiff's objections attached as Exhibit E.

      **i)    Status of Discovery**

Each party has completed discovery, with the exception that Plaintiff may seek discovery on the Defendant Salgado's financial condition. The parties are conferring on this matter as Defendant Salgado previously stated he was unsure whether he was raising an inability to pay defense and requested discovery on his financial condition be deferred until closer to trial. Defendants object to further discovery, including any discovery regarding Defendants' financial condition.

      **j)    Motions in Limine**

Motions in limine are due December 22, 2022, and responses thereto are due January 5, 2023.

**(3)** Plaintiff believes that the trial of this case will take 6 trial days. Defendants believe that the trial of this case will take 7 trial days. This Court previously reserved 9 days for trial:

9

January 17-20, 23-27.

    **(4)** The parties demand a trial by jury.

    **(5)** The parties recommend that 10 jurors be selected at the commencement of trial.

    **(6)** The parties agree that the issues of liability and damages should not be bifurcated for trial.

    **(7)** The parties do not agree to consent to the jurisdiction of a magistrate judge for trial.

    **(8)** This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

    **(9)** The Parties have had settlement discussions. Plaintiff is open to further settlement discussions, including with this Court, the Magistrate, or a mediator in an attempt to resolve this matter, particularly before the parties expend the substantial resources necessary to prepare for trial. Defendants are also open to further settlement discussions and are evaluating whether a mediation could be productive.

DATED:_____          _____
                                                                             UNITED STATES DISTRICT JUDGE

<div style="display: flex;">

<div>

Attorneys for Plaintiff
Scott Rauscher
Theresa Kleinhaus
Josh Tepfer
Isabella Aguilar
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607 (312) 243-5900

Matthew J. Madden
Attorney At Law, LLC
209 S. LaSalle, 7th Floor
Chicago, IL 60604
(312) 762-9473
matt@mjmaddenlaw.com

Molly Armour
Law Office of Molly Armour
4050 N. Lincoln Avenue
Chicago, IL 60618
(773) 746-4849
armourdefender@gmail.com

</div>

<div>

Attorneys for Defendant Elizondo
Special Assistant Corporation Counsel
Kenneth M. Battle
Alexis Carr
O'CONNOR & BATTLE, LLP
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
312-786-4600
kbattle@mokblaw.com

Attorneys for Defendant Salgado
Special Assistant Corporation Counsel
Timothy P. Scahill
Whitney Hutchinson
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, IL 60603
312-580-1030
tscahill@borkanscahill.com

Attorneys for the City of Chicago
Special Assistant Corporation Counsel
Avi Kamionski
Shneur Nathan
Helen O'Shaughnessy
Ryan Janski
Nathan & Kamionski LLP
33 W. Monroe, Suite 1830
Chicago, Illinois 60603
(312) 612-1955 Direct
snathan@nklawllp.com

</div>

</div>